No. 2--00--0108

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

DONALD J. PROVENZALE, JR., and ) Appeal from the Circuit Court

DANIELLE T. PROVENZALE,         ) of Du Page County.

)

Plaintiffs-Appellants, ) 

) 

v. ) No. 96--L--1413

)

HAROLD FORISTER and           ) 

RUTH FORISTER
,                
  )  Honorable

                                )
  Edward R. Duncan,

Defendants-Appellees.
     ) 
 Judge, Presiding.

________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Plaintiffs, Donald J. Provenzale, Jr., and Danielle T. Provenzale, appeal from the trial court's orders granting the motions to dismiss of defendants, Harold Forister and
 Ruth Forister
.  Plaintiffs contend that the trial court erred in dismissing their claims for (1) violation of the Residential Real Property Disclosure Act (Disclosure Act) (765 ILCS 77/1 
et
 
seq.
 (West 1996)); (2) violation of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 
et
 
seq.
 (West 1996)); (3) fraud; (4) breach of contract; and (5) conspiracy to defraud.   The Provenzales also appeal the trial court's orders  forfeiting their earnest money and awarding attorney fees to defendants.  We affirm in part, reverse in part, vacate in part, and remand for further proceedings.

I. FACTS AND PROCEDURAL HISTORY 

The Provenzales filed a complaint in the circuit court of Du Page County after a contract to purchase a parcel of real estate from the Foristers failed to close.  In the first amended complaint, it was alleged that the Foristers owned a parcel of real property at 8 S 049 S. Mitchell, Naperville, Du Page County (the property), that was offered for sale in October 1994.  At that time, the Foristers executed a residential real property disclosure report (disclosure report) pursuant to the Disclosure Act, indicating that they were not aware that the property was located in a flood plain.  A copy of the disclosure report was attached as an exhibit to the complaint. 

On July 23, 1996, the Provenzales entered into a contract to purchase the property (the contract) and deposited $5,000 in earnest money.  A copy of the contract was attached as an exhibit to the complaint.  It was alleged further that, prior to the Provenzales' execution of the contract, Harold Forister affirmatively stated to the Provenzales that the property was not located within a flood plain.  The Provenzales alleged that, contrary to the statements and the disclosure report, the property is, in fact, located within a flood plain and that the Foristers had knowledge of this fact when making the statement and when executing the disclosure report.

In count I of the first amended complaint, the Provenzales alleged that the Foristers materially breached the contract by (1) intentionally and knowingly inducing the execution of the contract by fraud, in making misrepresentations to conceal the flood plain status of the property; (2) failing to comply with the "operable furnace" contract term; and (3) failing to tender a septic system report on the date set for closing.   The Provenzales prayed for a declaration that the contract was null and void; for damages in the amount of $34,946 or, alternatively, for compensatory damages equal to the diminution in value of the property; and for attorney fees and costs.

Count II alleged fraud in that the disclosure report and Harold Forister's statements were wilfully made with full knowledge that the property was located within a flood plain, to induce the Provenzales to enter into the contract.  Counts III and IV alleged violations of the Disclosure Act and the Consumer Fraud Act. 

On May 21, 1997, the trial court dismissed counts III (violation of the Disclosure Act) and IV (violation of the Consumer Fraud Act) of the first amended complaint with prejudice.  On November 12, 1997, the Foristers' attorney was granted leave to withdraw.  Subsequently, separate counsel entered appearances on behalf of each of the Foristers.

In a bill of particulars, the Provenzales stated that they first obtained the disclosure report on May 2, 1996, more than two months before entering into the contract.  The Provenzales obtained the disclosure report from their real estate agent, who had obtained it from the Foristers' real estate agent. 

The Provenzales were granted leave to file a second amended complaint.  The second amended complaint differed from the first amended complaint in that it alleged that Harold Forister made oral statements that the property did not flood in addition to his statements that the property was not located within a flood plain.  Harold Forister and Ruth Forister filed separate motions to strike and dismiss the second amended complaint pursuant to sections 2--615 and 2--619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2--615, 2--619(a)(9) (West 1998)).  The Provenzales filed a consolidated response to the motions to dismiss the second amended complaint.

On June 4, 1998, the trial court entered an order granting the Foristers' section 2--615 motions, striking the paragraph of count I alleging breach of contract by misrepresentation of material fact and the paragraph alleging damages for breach of contract.  The trial court granted the Foristers' section 2--619 motions, striking the paragraph alleging breach of contract for failure to comply with the operable furnace term.  The Foristers' section 2--619 motions were denied as to the paragraph alleging breach of contract for failure to provide a septic system report.  As to count II (alleging fraud) of the second amended  complaint, the trial court granted the Foristers' section 2--615 motions with respect to reliance on the disclosure report and allegations of damages, but denied the motions with respect to Harold Forister's oral misrepresentation of the flood plain status of the property.  Accordingly, the trial court dismissed count II with prejudice as to Ruth Forister.  The Provenzales filed a motion to reconsider the dismissal of the fraud count as to Ruth Forister.  The trial court denied that motion.

The Provenzales were then granted leave to file a third amended complaint.  Count I of the third amended complaint alleged a breach of contract because the Foristers could not perform their promise to convey to the Provenzales a property that did not flood and was not located in a flood plain.  The third amended complaint also omitted the claim for breach of contract due to the Foristers' failure to provide an operable furnace and added a count V alleging conspiracy to defraud.  In support of the allegation that the Foristers had knowledge that the property was located within a flood plain and floods, the fraud count was amended to specify that Harold Forister submitted documents in 1988 and 1990 challenging the property's tax assessment.  In those documents, Harold Forister stated that the property was in a flood plain and that the property floods four times per year.  Harold and Ruth Forister each filed motions to strike and dismiss the third amended complaint pursuant to sections 2--615 and 2--619(a)(9) (735 ILCS 5/2--615, 2--619(a)(9) (West 1998)).

On November 3, 1998, the trial court entered an order dismissing all counts alleged in the third amended complaint with prejudice pursuant to section 2--615.   On March 17, 1999, the trial court entered an order granting Ruth Forister's motion for forfeiture of the $5,000 earnest money deposited by the Provenzales.  On December 17, 1999, the trial court granted the Foristers' petitions for attorney fees.  Plaintiffs timely appealed.

II. DISCUSSION

In reviewing the dismissal of a complaint under section 2--615 and section 2--619 we apply a 
de
 
novo
 standard of review.  See 
Neade v. Portes
, 193 Ill. 2d 433, 439 (2000); 
Mio v. Albert-Culver Co.
, 306 Ill. App. 3d 822, 825 (1999).

A.  VIOLATION OF THE RESIDENTIAL REAL PROPERTY DISCLOSURE ACT

Count III of the Provenzales' first amended complaint alleged that the Foristers violated the Disclosure Act by falsely representing the property's flood plain status in the disclosure report.  The Disclosure Act requires the seller of residential real property to complete a disclosure report containing certain statements about the property.  765 ILCS 77/35 (West 1996).  Statement number three on the disclosure report reads: "I am aware that the property is located within a flood plain or that I currently have flood insurance on the property."  The Foristers placed an "x" in the "no" column next to that statement.

   Section 10 of the Disclosure Act provides:

"Except as provided in Section 15, this Act applies to any transfer by sale, exchange, installment land sale contract, assignment of beneficial interest, lease with an option to purchase, ground lease, or assignment of ground lease of residential real property."  765 ILCS 77/10 (West 1996). 

In granting the Foristers' motion to dismiss, the trial court stated that "since there was not a transfer alleged in Count [III], the motion must be granted."  

The Provenzales contend that they have stated a cause of action under the Disclosure Act and the trial court erred in interpreting the Disclosure Act as requiring an actual transfer of real property.  The Provenzales point to the inclusion and definition of "prospective buyer" (765 ILCS 77/5 West 1996)) and the pretransfer duty imposed on sellers to deliver the disclosure report to the prospective buyer before the signing of a contract (765 ILCS 77/20 West 1996)) in support of their position.  The Provenzales argue that the trial court misinterpreted the word "transfer" as a verb rather than a noun because "transfer" refers generally to the different types of transactions that are or are not subject to the Disclosure Act, not simply the act of transferring the property.

The Foristers collectively argue on appeal that the language of the Disclosure Act clearly and unambiguously requires a "transfer" of real property.   The Foristers point to section 60 of the Disclosure Act, which provides: 

"No action for violation of this Act may be commenced later than one year from the earlier of the date possession, date of occupancy, or date of recording of an instrument of conveyance of the residential real property."  765 ILCS 77/60 (West 1996).

The Foristers argue that there would be no limitation on an action under the Disclosure Act where no transfer occurred because none of those three things can happen without a transfer of the property.  The Foristers further contend that, if no actual transfer is required, a seller would be liable to any prospective purchaser who signed a contract to purchase property regardless of whether the sale was completed.

Whether the plaintiff must allege an actual transfer of real property in order to state a cause of action under the Disclosure Act is an issue of first impression in this state and involves the proper interpretation of the Disclosure Act.  We review a question of statutory construction 
de
 
novo
.  
Bank of Waukegan v. Kischer
, 246 Ill. App. 3d 616, 621 (1993).  The goal of statutory construction is to effectuate the intent of the legislature, which is best demonstrated by the plain language of the statute.  
People v. Frieberg
, 147 Ill. 2d 326, 345 (1992).  If the language of the statute is clear, it will be given effect without resorting to other aids of construction.  
In re Marriage of Mitchell
, 181 Ill. 2d 169, 173 (1998).  However, an ambiguous statute will be reasonably construed in a manner that will not produce absurd, unjust, or unreasonable results that the legislature could not have intended.  
In re Application of the County Collector of Du Page County for Judgment for Taxes for the Year 1993
, 187 Ill. 2d 326, 332 (1999).

Section 10 of the Disclosure Act deals with the applicability of the statute.  We believe that the word "transfer" utilized throughout the Disclosure Act and specifically in section 10 may reasonably be interpreted in two ways and, therefore, section 10 is ambiguous.  First, it can be interpreted to mean an actual transfer of the listed type must take place in order for the statute's duties and remedies to apply.  Second, section 10 can be interpreted as a list of the types of contemplated transfers to which the statute's duties and remedies apply.   Accordingly, we must consider which interpretation better effectuates the legislative intent and is more consistent with the goals of the Disclosure Act.

The purpose of the Disclosure Act is to provide prospective buyers with information about material defects known to the seller concerning the property.  See 765 ILCS 77/25, 35 (West 1996).  The seller is required to complete and deliver the disclosure report to the prospective buyer before the signing of a written agreement that would require the buyer to accept a transfer of the property.  765 ILCS 77/20 (West 1996).  A prospective buyer may choose to rely on this information in deciding whether and on what terms to purchase the property.  765 ILCS 77/35 (West 1996).  

If the word "transfer" is given the first interpretation, the provision of the Disclosure Act assigning the seller the duty to disclose material defects (765 ILCS 77/25(b) (West 1996)) is meaningless because this is a pretransfer duty.  Clearly, the seller owes this duty to a prospective buyer when any transfer of the type listed in section 10 is contemplated, not when it is consummated.  Moreover, the Disclosure Act provides both prospective buyers and actual buyers with remedies for violation of its provisions.

At the time of this transaction, section 40 provided prospective buyers with the remedy of terminating the contract along with the return of any earnest money deposit if they were delivered a disclosure report disclosing a material defect after entering into a contract to purchase the property but before closing the transaction.  765 ILCS 77/40 (West 1996).  When a seller discloses false information in the disclosure report, as is alleged here, ordinarily the buyer discovers the material defect after the property is conveyed.  In such case, the buyer's remedy under the Disclosure Act lies in section 55, which provides that one who knowingly violates or fails to perform any duty prescribed by any provision of the Disclosure Act, or discloses information on the report known to be false, is liable for actual damages and court costs. 765 ILCS 77/55 (West 1996).

The Provenzales have alleged that they were delivered the disclosure report before entering into the contract and that the disclosure report did not disclose a material defect. Therefore, section 40 did not provide them with the remedy of terminating the contract when they discovered that the disclosure report contained false information.  However, we believe that section 55 of the Disclosure Act provides a remedy for the actual damages incurred by a prospective buyer of real property who discovers false information on the disclosure report before closing the transaction even though the property was never transferred.

We find no merit in the Foristers' argument that the seller would be liable to any prospective buyer for a violation of the  Disclosure Act.  Obviously, a potential buyer would have to allege actual damage to state a cause of action under the Disclosure Act (see 765 ILCS 77/65 (West 1996)), not merely receive a disclosure report containing false information.

We are also unpersuaded by the Foristers' argument that there would be no limitation on an action under the Disclosure Act where no actual transfer occurred.  The seller is required to disclose material defects of which the seller has actual knowledge.  765 ILCS 77/25(b) (West 1996).  Section 55 of the Disclosure Act provides that one who knowingly discloses false information on the disclosure report is liable for actual damages and court costs.  765 ILCS 77/55 (West 1996).  While it is true that an action for a violation of the Disclosure Act that accrues before the possession, occupancy, or recording of an instrument of conveyance could never be commenced more than a year after the earliest of them, section 13--205 of the Code of Civil Procedure (735 ILCS 5/13--205 (West 1996)) provides that all civil actions not otherwise provided for shall be commenced within five years next after the cause of action accrued. 

For the forgoing reasons, we hold that an allegation of an actual transfer of real property is not required to state a cause of action for violation of the Disclosure Act.  Accordingly, we hold that the trial court erred in dismissing count III of the first amended complaint.

B. VIOLATION OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS

 PRACTICES ACT

The Provenzales contend that the trial court erred in dismissing count IV of the first amended complaint alleging a violation of the Consumer Fraud Act.  This court has specifically held 
that an individual who casually sells his or her own single-family home is not subject to liability under the Consumer Fraud Act.  
Carrera v. Smith
, 305 Ill. App. 3d 1079, 1082 (1999).  Accordingly, the trial court did not err in dismissing count IV of the first amended complaint.

C.  THE FRAUD, BREACH OF CONTRACT, AND CONSPIRACY TO DEFRAUD COUNTS In this case the trial court ruled on motions to dismiss both the second and the third amended complaints that were brought pursuant to both section 2--615 and section 2--619 (735 ILCS 5/2--615, 2--619 (West 1998)).  While this practice is permitted (see 735 ILCS 5/2--619.1 (West 1998)), courts of review have criticized the use of hybrid motions that simultaneously claim that a cause of action has and has not been stated.  See 
Janes v. First Federal Savings & Loan Ass'n
, 57 Ill. 2d 398, 406 (1974); 
In re Estate of Berry
, 277 Ill. App. 3d 1088, 1090 (1996).

A brief review of the purposes of section 2--615 and section 2--619 motions will be useful in understanding our disposition of this case.  A motion brought pursuant to section 2--615 of the Code of Civil Procedure (735 ILCS 5/2--615 (West 1998)) attacks the legal sufficiency of the complaint.  
Abbasi v. Paraskevoulakos
, 187 Ill. 2d 386, 391 (1999).  It must be determined whether the allegations of the complaint, when viewed in a light most favorable to the plaintiffs, are sufficient to state a cause of action upon which relief can be granted.  
Abbasi
, 187 Ill. 2d at  391.  
A  section 2--615 motion admits as true all well-pleaded facts, but not conclusions of law or factual conclusions that are unsupported by allegations of specific facts.  
Lagen v. Balcor Co.
, 274 Ill. App. 3d 11, 16 (1995). 

A motion for involuntary dismissal brought pursuant to section 2--619(a)(9) of the Code of Civil Procedure raises an "affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2--619(a) (9) (West 1998)).  The "affirmative matter" must be something more than evidence offered to refute a material fact alleged in the complaint.  
Barber-Colman Co. v. A & K Midwest Insulation Co.
, 236 Ill. App. 3d 1065, 1073 (1992).  A section 2--619 motion is properly used to raise affirmative matters that negate the claim, not to challenge the essential allegations of the plaintiff's cause of action.  
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 115 (1993).

In their motions to dismiss the second amended complaint, both Harold Forister and Ruth Forister submitted an affidavit of the attorney who represented them in the transaction to contradict the Provenzales' allegations that the Foristers failed to comply with the operable furnace and septic system report terms of the contract.  Ruth Forister's motion to dismiss relies on her own deposition testimony, as well as that of Donald and Daniel Provenzale, to contradict the allegation that Ruth Forister made a statement regarding the flood plain status of the property.  Moreover, Ruth Forister submitted an affidavit of an engineer to contradict the allegation of reasonable reliance on the statements regarding the property's flood plain status that was countered by an affidavit of an engineer submitted by the Provenzales in their response to the motion to dismiss.

With regard to the motions to dismiss the third amended complaint, Harold Forister's motion relies on the deposition testimony of the Provenzales to contradict the allegations of damages.  Ruth's  motion to dismiss relies on her own deposition testimony to contradict the allegation that she made a statement to the Provenzales. 

Ruth and Harold Forister not only presented hybrid sections 2--615 and 2--619 motions, but they also presented evidentiary material going to the truth of the allegations contained in the complaint.  This is improper because a motion pursuant to either section 2--615 or section 2--619 concedes the truth of all well-pled allegations in the complaint.  
Anderson v. Anchor Organization for Health Maintenance
, 274 Ill. App. 3d 1001, 1012 (1995).  Further, a section 2--615 motion, unlike a section 2--619 motion or a motion for summary judgment
 pursuant to section 2--1005 (735 ILCS 5/2--1005(c) (West 1998)), is a motion based on the pleadings rather than the underlying facts.  Accordingly, depositions (
Becker v. Zellner
, 292 Ill. App. 3d 116, 124 (1997)), affidavits, and other supporting materials (
Premier Electrical Construction Co. v. La Salle National Bank
, 115 Ill. App. 3d 638, 643 (1983)) may not be considered by the court in ruling on a section 2--615 motion.
 Moreover, evidentiary material in support of a section 2--619 motion may not be submitted for the purpose of contradicting well-pleaded facts in the complaint.  
Kedzie
, 156 Ill. 2d at 115.  If the Foristers wished to contest factual allegations in the complaint, they should have filed motions for summary judgment.

It is recognized that judicial economy would best be served to decide the appeal when the opposing
 party has not been prejudiced by the motion's hybrid nature.  
Berry
, 277 Ill. App. 3d at 1090-91. Where the trial court gives sufficiently clear reasons for its disposition on each count, the appellate court may consider the appeal despite the commingling of factual allegations and arguments.  
Anderson
, 274 Ill. App. 3d at 1010.  However, after reviewing the record, we find neither a lack of prejudice to the Provenzales nor a clear reason for the dismissal of each count, and therefore we will not review the merits of the issues raised with respect to these counts.  Accordingly, we reverse the trial court's orders dismissing counts I, II, and IV with prejudice and remand the cause in order to afford the Provenzales an opportunity to replead.

D. EARNEST MONEY AND ATTORNEY FEES

Ruth Forister filed a "Motion for Forfeiture of Earnest Money" and prayed that the trial court find that there was a breach of contract by the Provenzales and declare forfeiture of the $5,000 in earnest money.  The trial court granted Ruth's motion.  The trial court also awarded Ruth Forister $30,483.74 and Harold Forister $13,123.25 in attorney fees pursuant to a provision of the contract.  Because we reverse the dismissal of several of the Provenzales' claims, the trial court's award of earnest money and attorney fees is vacated.

III. CONCLUSION

For the foregoing reasons, we affirm the trial court's dismissal of count IV of the first amended complaint.  We reverse the trial court's dismissal of count III of the first amended complaint and counts I, II, and V of the third amended complaint and remand these claims for further proceedings.   
We vacate the trial court's orders forfeiting the earnest money and awarding attorney fees.  

Affirmed in part, reversed in part, and vacated in part; cause remanded.

COLWELL, P.J., and 
McLAREN
, J., concur.