NOTICE
Decision filed 06/30/15. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2015 IL App (5th) 140503

NO. 5-14-0503

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| ESTATE OF MILDRED BURNS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 13-MR-73 |
| | ) | |
| CONSOLIDATION COAL COMPANY, | ) | Honorable |
| | ) | Melissa A. Morgan, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE STEWART delivered the judgment of the court, with opinion.
Presiding Justice Cates and Justice Welch concurred in the judgment and opinion.

**OPINION**

¶ 1    On March 22, 2005, Mildred Burns, the widow of Thomas Burns, filed a claim for benefits under the Workers' Occupational Diseases Act (820 ILCS 310/1 *et seq.* (West 2004)) alleging that Thomas suffered disablement and died as a result of occupational diseases, which arose out of his employment with the respondent, Consolidation Coal Company. On January 18, 2006, Mildred died, leaving her daughter, Bonnie Dawe, and son, Kim Burns, as her heirs. On October 7, 2009, the arbitrator awarded the estate of Mildred Burns (estate) death benefits and burial expenses. The Illinois Workers' Compensation Commission (Commission) affirmed and adopted the arbitrator's award.

1

The respondent paid the estate $89,865.30. The estate contended that this was not the full amount due and owing under the Commission's award and filed a motion pursuant to section 19(g) of the Workers' Compensation Act (820 ILCS 305/19(g) (West 2012)) to enforce the judgment in the circuit court. The respondent filed a motion to dismiss, which the circuit court granted. The estate filed a timely notice of appeal. We reverse.

¶ 2                                    BACKGROUND

¶ 3    Thomas Burns worked as a coal miner for 38 years. His last exposure to coal dust was on November 30, 1985, while working for the respondent. Thomas died on June 7, 2002. His death certificate listed pneumonia and pneumoconiosis as the causes of death. The autopsy report listed the final anatomic diagnosis as coal workers' pneumoconiosis, right lower lobe pneumonic consolidation, bilateral marked pleural adhesions, and severe chronic obstructive pulmonary disease.

¶ 4    Mildred filed federal and state claims for benefits for Thomas's death from pneumoconiosis. The law firm of Culley and Wissore represented her on both claims. On March 22, 2005, Mildred filed a claim for benefits under the Workers' Occupational Diseases Act. She died on January 18, 2006. The estate of Mildred Burns was substituted as a party in the claim for benefits. On September 18, 2009, the arbitrator found that Thomas was exposed to an occupational disease that arose out of and in the course of his employment. The respondent was ordered to pay $496.24 per week from June 7, 2002, the date of Thomas's death, through January 18, 2006, the date of Mildred's death. The respondent was also ordered to pay $4,200 for burial expenses. The respondent appealed.

¶ 5    The respondent conceded liability in the federal claim and, in March 2010, paid $15,480 to the Department of Labor as reimbursement in benefits issued to Mildred by the Black Lung Trust Fund. The respondent also paid Mildred's heirs $7,906.30 in benefits for the period of June 2002 to December 2005. Therefore, the respondent paid a total of $23,386.30 for Mildred's claim for death benefits under the federal Black Lung Benefits Act (30 U.S.C. § 901 *et seq.* (2006)).

¶ 6    On August 20, 2010, the Commission affirmed and adopted the arbitrator's decision. The respondent appealed, and the circuit court reversed the award. The estate appealed, and the appellate court reversed the circuit court's judgment and reinstated the Commission's decision. *Estate of Burns v. Workers' Compensation Comm'n*, 2012 IL App (5th) 110287WC-U.

¶ 7    On November 5, 2013, the estate filed an application for judgment on award of the Illinois Workers' Compensation Commission pursuant to section 19(g) of the Workers' Compensation Act (820 ILCS 305/19(g) (West 2012)). The estate argued that the respondent refused to pay the full amount due and owing under the Commission's award and issued a partial and insufficient tender of $89,865.30. It argued that, pursuant to the Commission's award, it was to be paid burial expenses of $4,200 and benefits of $93,645.45 calculated at $496.24 per week from June 7, 2002, through January 18, 2006, for a total of $97,845.45. The estate argued that the respondent owed it $7,980.15 for the remainder of the Commission's award plus interest on the total amount of the award due to the insufficient tender. The estate asserted that the respondent had refused its demand for payment.

¶ 8     On December 4, 2013, the respondent filed a motion to dismiss the estate's application for judgment.  It argued that payment in full is the only defense for a section 19(g) petition and that it had already issued full payment.  The respondent alleged that the federal Black Lung Benefits Act requires that benefits paid in a federal claim be offset against benefits paid in a state claim for the same period.  The benefits in the state claim were for the same period as those in the federal claim, except for 2 4/7 weeks awarded in January 2006 in the state claim.  The respondent argued that the offset for the $23,386.30 federal claim payment left a total amount due of $74,532.17 in the state claim.  It acknowledged that interest in the amount of $15,333.13 accrued while the state claim was on appeal.  It sent the estate a check for the $74,532.17 plus the $15,333.13 in interest for a total of $89,865.30 along with correspondence explaining the calculations and the offset.  On January 3, 2013, the estate sent correspondence that it was not cashing the check and disputing the fact that any credit was previously addressed in the claim.  On February 26, 2013, the $89,865.30 check was cashed.  The respondent alleged that it fully met its obligation for Thomas's death by reimbursing the Department of Labor $15,480 for benefits issued to Mildred, paying Thomas's children $7,906.30, and paying the estate $89,865.30, for total payments in the amount of $113,251.60.  The respondent asked the court to deny the estate's application for judgment.

¶ 9     On December 13, 2013, the respondent supplemented its motion to dismiss by attaching and incorporating by reference an affidavit from Roman Kuppart, a former partner in the firm of Culley and Wissore.  In his affidavit, Mr. Kuppart stated that he tried the case before the arbitrator and argued the case on appeal.  In February 2010, the

4

respondent's attorney advised him that the respondent accepted liability in the federal claim and was reimbursing the Department of Labor Black Lung Trust Fund $15,480 for previous payments issued to Mildred and was paying her children $7,906.30. Mr. Kuppart stated that, due to the offset between federal and state black lung death benefits in pneumoconiosis claims, he and the respondent's attorney verbally agreed that the respondent would be entitled to a $23,386.30 credit in the state claim for the payments made in the federal claim if benefits were affirmed in the state claim. He stated that "[c]onsideration for said agreement was based on the fact that [the respondent] would have to sue our clients, Bonnie Dawe and Kim Burns, i.e., the Estate of Mildred Burns, to re-coup the overpayment–resulting in even further litigation and distress for the client, which would be unnecessary if credit was issued in the State claim." Mr. Kuppart acknowledged that he was no longer a partner at Culley and Wissore and stated that the agreement was never revoked while he was a partner.

¶ 10    On December 19, 2013, the estate filed a response to the motion to dismiss. It argued that a section 19(g) proceeding could not be used to claim credits. It further argued that the respondent failed to prove an oral agreement and did not produce any writing showing that the claimed credit was accepted. It asserted that the respondent failed to claim a credit or offset before any tribunal in the state claim and could not litigate its right to a credit at this point. The estate argued that it is up to the federal government to determine whether any "double recovery" had occurred and whether any adjustment was necessary.

¶ 11    On January 9, 2014, the respondent filed a reply to the estate's response. It argued

5

that, in Illinois, there may be only one recovery for a single, indivisible injury, which in this case was Thomas's death due to pneumoconiosis.

¶ 12    On April 25, 2014, the court conducted a hearing on the respondent's motion to dismiss. Mr. Kuppart testified that, at the time in question, he was a partner at Culley and Wissore, and the firm represented Mildred in both the federal and state black lung cases. On August 30, 2010, the partnership was dissolved, and attorney Bruce Wissore continued to represent the estate and had possession of the estate file. Mr. Kuppart stated that, when the respondent accepted liability in the federal case, he and the respondent's attorney agreed that any benefits paid in the federal black lung claim would be offset against the state benefits that were paid for the same time period. He stated that the agreement was reached "[b]ecause it's the same agreement we reach in all of these death cases where there is a federal claim and there are benefits that overlap." He testified that his contact for the estate was Bonnie Dawe. Mr. Kuppart testified that he believed he communicated to Ms. Dawe in 2010 that he was going to agree to an offset. He testified that from the time Mildred died until he left the law firm, he had between 5 and 12 communications with Ms. Dawe.

¶ 13    Ms. Dawe testified that she only spoke with Mr. Kuppart twice and that he never told her that there would be an offset on the state award for the amount received from the federal system. She then testified, however, that another attorney at the firm, Sandy Fogel, could have explained that there was an offset between the federal and state benefits, but she was not certain.

¶ 14    On September 5, 2014, the circuit court entered an order granting the respondent's

6

motion to dismiss and denying the estate's application for judgment. No reasons were given for the decision. The estate appealed.

¶ 15                              ANALYSIS

¶ 16    The estate argues that the circuit court erred in granting the respondent's motion to dismiss and denying its application for section 19(g) enforcement. The instant case involves the construction of section 19(g) of the Workers' Compensation Act (Act) (820 ILCS 305/19(g) (West 2012)). Statutory construction is a question of law, which is reviewed *de novo*. *Patel v. Home Depot USA, Inc.*, 2012 IL App (1st) 103217, ¶ 8. Additionally, a reviewing court reviews *de novo* a lower court's ruling on a motion to dismiss. *Id.*

¶ 17    When an employer fails or refuses to pay a final award, section 19(g) provides a statutory remedy for a claimant to reduce the award to an enforceable judgment in the circuit court. *Aurora East School District v. Dover*, 363 Ill. App. 3d 1048, 1054 (2006). Section 19(g) provides, in pertinent part, that "either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith." 820 ILCS 305/19(g) (West 2012).

¶ 18    The primary rule of statutory construction is to give effect to the true intent of the legislature, which can best be ascertained from statutory language without resort to other aids for construction. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). "In

7

construing a statute, it is never proper for a court to depart from plain language by reading into a statute exceptions, limitations, conditions which conflict with the clearly expressed legislative intent." *Id.* Both an employer and an employee are entitled to judgment relief under the express terms of section 19(g). *Id.* The plain language of section 19(g) provides that a judgment must be based on a Commission decision providing for the payment of compensation benefits. *Id.* at 480. "This language may not reasonably be interpreted to encompass any full recoupment, restitution or reimbursement 'decision' even assuming the authorization of that type of Commission decision under the Act." *Id.* Section 19(g) does not enable an employer to recoup benefits paid to an employee because the payment of compensation benefits is the only award or decision that can be reduced to judgment, and recoupment, restitution, or reimbursement is not a decision providing for payment of benefits. *Karastamatis v. Industrial Comm'n*, 306 Ill. App. 3d 206, 215 (1999).

¶ 19 The Act was enacted to provide a flow of benefits to compensate for lost wages and to compensate workers for the loss of industrial earning capacity in exchange for a bar on certain liabilities of employers. *Illinois Graphics Co.*, 159 Ill. 2d at 481. Nothing in the Act indicates that the Commission is expected or authorized to adjudicate matters concerning repayment of benefits to employers, and credits under the Act are viewed narrowly. *Id.* at 482. In a section 19(g) proceeding, the circuit court exercises limited statutory jurisdiction designed to permit the speedy entry of judgment on an award. *Aurora East School District*, 363 Ill. App. 3d at 1055. The court's inquiry is limited to a determination of whether the section's requirements have been met, and the court may not

8

review the Commission's decision or otherwise construe the Act, even if the decision appears too large on its face. *Id.* "There is little point in distorting the clear language of section 19(g) to accommodate additional and unintended interests." *Illinois Graphics Co.*, 159 Ill. 2d at 482.

¶ 20 "The only defense to a section 19(g) petition is full payment of the final award." *Dallas v. Ameren CIPS*, 402 Ill. App. 3d 307, 312 (2010). The respondent argues that the circuit court correctly denied the estate's section 19(g) petition because it received full payment of benefits. The federal Black Lung Benefits Act requires an offset of benefits if an award for the same injury is made in a state claim. 30 U.S.C. § 932(g) (2006). The respondent asserts that the estate received benefits in both the federal and state black lung claims for the period of June 2002 through December 2005. It argues that not allowing the offset results in double recovery that the federal statute was designed to prevent.

¶ 21 *Patel v. Home Depot USA, Inc.* is instructive in the present case. In *Patel*, the claimant filed claims for injuries that arose out of and in the course of two separate work-related accidents. *Patel*, 2012 IL App (1st) 103217, ¶ 3. The cases were heard together. *Id.* The Commission awarded the claimant $22,798.54 in temporary total disability benefits, penalties, and attorney fees related to the two claims and granted Home Depot a credit of $32,357.47 for temporary total disability payments previously paid to the claimant. *Id.* ¶ 5. The claimant submitted a demand letter, and when Home Depot did not respond, he filed an application for entry of judgment under section 19(g). *Id.* Home Depot filed a motion to dismiss on the grounds that it was entitled to offset the credit against the benefits award. *Id.* ¶ 6. The circuit court denied the motion to dismiss and

9

entered judgment against Home Depot in the amount of $22,798.54. *Id.* Home Depot appealed. *Id.* Home Depot argued that because the amount of the credit offset the award to the claimant, it owed the claimant nothing. *Id.* ¶ 14. The appellate court found that Home Depot could not seek to recover the amount of its overpayment by filing a claim under section 19(g), nor could it apply its credit for the overpayment to avoid the entry of judgment pursuant to section 19(g). *Id.* ¶ 20. The court found that, under the plain language of section 19(g), the Commission's decision, on which any judgment is based, must be one providing for the payment of compensation according to the Act, and a credit does not equal compensation. *Id.* ¶ 16. It held that Home Depot was not entitled to use the credit as an offset against the benefits awarded the claimant under section 19(g). *Id.* ¶ 20. The court found that "[a]lthough Home Depot may ultimately obtain the credit the arbitrator and the Commission granted, it is not entitled to that credit under section 19(g)." *Id.* ¶ 15.

¶ 22 Similarly, in the instant case, the respondent was not entitled to offset the amount of the federal claim against the state workers' compensation benefits under section 19(g). The circuit court's inquiry was limited to whether section 19(g)'s requirement had been met. See *Aurora East School District*, 363 Ill. App. 3d at 1055. Because the requirements of section 19(g) had been met, the circuit court should not have granted the respondent's motion to dismiss and should have entered judgment on the Commission's award. The Code of Federal Regulations provides a mechanism for the recovery of any overpayment of federal black lung claims. 20 C.F.R. §§ 725.540-725.548 (2012). The respondent may ultimately be able to recoup the amount of the federal claim but cannot

10

offset the amount of the federal claim against the state workers' compensation benefits in a section 19(g) proceeding.

¶ 23 The respondent argues that it paid the estate in full because the parties had an oral agreement to offset the amount of the federal benefits award against the amount of the state benefits award. The estate argues that the respondent failed to prove the existence of an oral contract.

¶ 24 The purpose of section 19(g) is to permit the speedy entry of judgment. *Konczak v. Johnson Outboards*, 108 Ill. App. 3d 513, 516 (1982). Because the court's inquiry is limited to whether the requirements of the section have been met, the court may not review the Commission's decision or otherwise construe the statute. *Id.* at 516-17. Absent fraud or lack of jurisdiction, a party may not obtain review of the Commission's award in a section 19(g) proceeding. *Id.* at 517. The sole means to contest the accuracy of a Commission's award is through a proceeding under section 19(f) of the Act. *Id.* Section 19(g) provides for a collateral proceeding designed for the entry of judgment, and a party should not be allowed to use it to relitigate the Commission's decision. *Franz v. McHenry County College*, 222 Ill. App. 3d 1002, 1007-08 (1991). This court cannot review the Commission's award, but rather can only look at whether the trial court erred in entering judgment on that award. *Nichols v. Mississippi Valley Airlines*, 204 Ill. App. 3d 4, 6 (1990). In a settlement, nothing has been decided or determined except by the parties themselves. *Lorts v. Illinois Terminal R.R.*, 80 Ill. App. 3d 974, 979 (1980). Commission approval of a settlement agreement constitutes a decision of the Commission and is the equivalent of an award within the meaning of section 19(g).

11

*Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259, 265 (1978). An action on an approved settlement agreement may be commenced in the circuit court under section 19(g). *Id.*

¶ 25 In the instant case, Mr. Kuppart's affidavit that was attached to the respondent's motion to dismiss stated that in February 2010, he and the respondent's attorney verbally agreed that the respondent would be entitled to a credit in the amount of $23,386.30 in the state claim for payments issued in the federal claim if benefits were affirmed in the state claim. The arbitrator entered the original award on September 18, 2009. The respondent appealed, and, on August 20, 2010, the Commission affirmed and adopted the arbitrator's decision. The respondent appealed, and the circuit court reversed the award. The estate appealed, and the appellate court reversed the circuit court's judgment and reinstated the Commission's decision. On November 5, 2013, the estate filed an application for judgment on award pursuant to section 19(g). In the state proceedings, the respondent made no claim for credit and did not present any evidence of the oral agreement. Neither the arbitrator's order nor the Commission's decision makes any reference to any credit claimed by the respondent. In a letter dated December 18, 2012, from the estate's attorney, Bruce Wissore, to the respondent's attorney, Mr. Wissore noted that the firm's research "unearthed no basis" for a deduction of the amount paid in the federal claim from the amount awarded in the state claim. He further noted that the setoff was never argued or claimed in the prosecution of the state claim and that the respondent should pursue any setoff under the terms of the federal act. Had the settlement agreement been presented to the Commission and approved by it, it would be an award within the meaning of section 19(g). However, because the settlement agreement was not presented

12

to the Commission, in the section 19(g) proceedings, the circuit court could not consider the agreement and could only review the Commission's award. Therefore, the circuit court erred in dismissing the estate's section 19(g) petition and should have entered judgment on the Commission's award.

¶ 26                                    III. CONCLUSION

¶ 27   For the reasons stated, we reverse the judgment of the circuit court of Franklin County and remand for further proceedings consistent with this decision.


¶ 28   Reversed and remanded.

2015 IL App (5th) 140503

NO. 5-14-0503

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| ESTATE OF MILDRED BURNS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 13-MR-73 |
| | ) | |
| CONSOLIDATION COAL COMPANY, | ) | Honorable |
| | ) | Melissa A. Morgan, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

**Opinion Filed:**      June 30, 2015

_____

**Justices:**     Honorable Bruce D. Stewart, J.

                  Honorable Judy L. Cates, P.J., and
                  Honorable Thomas M. Welch, J.,
                  Concur

_____

**Attorney for Appellant**     James R. Williams, Culley & Wissore, 300 Small Street, Suite 3, Harrisburg, IL 62946

_____

**Attorney for Appellee**     Cheryl L. Intravaia, Feirich, Mager, Green, Ryan, 2001 West Main Street, P.O. Box 1570, Carbondale, IL 62903-1570

_____