# Illinois Official Reports

## Appellate Court

---

### *Horn v. Goodman*, 2016 IL App (3d) 150339

---

| | |
|---|---|
| Appellate Court Caption | MICHAEL HORN, Plaintiff-Appellant, v. NORMAN GOODMAN, HOLY FAMILY CATHOLIC CHURCH, and THE CATHOLIC DIOCESE OF PEORIA, a Religious Corporation, Defendants, (Holy Family Catholic Church and the Catholic Diocese of Peoria, Defendants-Appellees). |
| District & No. | Third District<br>Docket No. 3-15-0339 |
| Filed | August 24, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 12-L-231; the Hon. Richard McCoy and the Hon. Katherine Gorman, Judges, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Timothy J. Freiberg (argued), of Law Offices of Frederic W. Nessler & Associates, of Springfield, for appellant.<br><br>Craig L. Unrath (argued), Timothy L. Bertschy, and Brad W. Keller, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellees. |
| Panel | PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justice Carter concurred in the judgment and opinion.<br>Justice Wright specially concurred, with opinion. |

**OPINION**

¶ 1    Plaintiff Michael Horn brought a personal injury action against defendants Reverend Norman Goodman, Holy Family Catholic Church, and the Catholic Diocese of Peoria, alleging that he was sexually abused as a minor by Goodman, who served as his parish priest in the 1990s. The trial court granted the defendants' motion to dismiss, finding that Horn's claims were time-barred by the statute of limitations and that he failed to allege facts sufficient to invoke the discovery rule. Horn appealed. We reverse and remand.

¶ 2                                        FACTS

¶ 3    On July 30, 2012, plaintiff Michael Horn filed a multicount complaint against defendants Reverend Norman Goodman, Holy Family Catholic Church, and the Catholic Diocese of Peoria. The complaint alleged assault and battery, negligence, and intentional infliction of emotional distress (counts I through III) against Goodman and negligent hiring, negligent retention/supervision, and negligent entrustment/breach of fiduciary duty/*respondeat superior* (counts IV through VI) against Holy Family and against the Diocese (counts VII through IX).

¶ 4    The complaint alleged that Goodman engaged in sexual conduct with Horn, who was born November 26, 1978, between 1991 and 1994, when he was between 13 and 15 years old. Horn further alleged that the abuse caused him injuries including confusion and to develop the symptoms of psychological disorders, such as shame, guilt, self-blame, depression, repressed memory, suppressed memory, and disassociation. Horn also alleged that the psychological conditions occurred before he turned 18 and caused him to not remember the abuse or recognize or recall the connection between his psychological issues and Goodman's abuse.

¶ 5    Holy Family and the Peoria Diocese (collectively the Diocese) and Goodman filed section 2-619.1 motions to dismiss (735 ILCS 5/2-619.1 (West 2012)). Goodman and the Diocese argued that Horn failed to allege facts sufficient to support his claims and that his claims were time-barred under the two-year statute of limitations in the 1994 version of the childhood sexual abuse provision of the Code of Civil Procedure (hereafter referred to as the sexual abuse statute) (735 ILCS 5/13-202.2 (West 1994)). The trial court granted the motions to dismiss without prejudice, finding the claims were time-barred and that Horn did not allege facts sufficient to invoke the discovery rule or to support his argument that the limitations period was tolled as a result of fraudulent concealment or equitable estoppel.

¶ 6    Horn filed an amended complaint that mirrored the original complaint but added new allegations of repressed and suppressed memory, fraudulent concealment, and equitable estoppel. The additional allegations included that Horn suppressed and repressed memories of the abuse before he turned 18 in 1998 and until 2011, during which time Horn was unable to recognize the sexual abuse was wrong or harmful or that he had been injured as a result of the abuse, "due to the fact that he had blocked it out of his memory and had repressed and suppressed any memory of the abuse taking place," and that he only recognized his injuries when the memories returned in 2011. The amended complaint also added an allegation that Goodman and the Diocese were aware of the abuse and remained silent about it; that Goodman threatened that there would be adverse consequences were Horn to tell anyone about the abuse; and that the Diocese, by its silence, attempted to convince Horn that the sexual abuse was normal and not wrong, harmful, or injurious.

¶ 7     At the time the amended complaint was filed, Goodman had died, and his estate was substituted and then voluntarily dismissed. The Diocese again filed a section 2-619.1 motion to dismiss, which the trial court granted with prejudice. The court found Horn's allegations did not meet the specific pleading requirements to invoke the discovery rule as set forth in *Softcheck v. Imesch*, 367 Ill. App. 3d 148 (2006), and *Clay v. Kuhl*, 189 Ill. 2d 603 (2000), and that the complaint did not allege facts sufficient to establish either fraudulent concealment or equitable estoppel. Horn appealed.

¶ 8                                                            ANALYSIS

¶ 9     On appeal, we must determine whether the trial court erred when it granted the Diocese's motion to dismiss. Horn submits that dismissal was improper, arguing the trial court erred in holding that the 2003 amendment to the sexual abuse statute (Pub. Act 93-356, § 15 (eff. July 24, 2003) (amending 735 ILCS 5/13-202.2)) did not apply retroactively and preserve his claim, that the limitations period was not tolled through fraudulent concealment or equitable estoppel, and that his allegations of repressed and suppressed memories were insufficient to invoke the discovery rule.

¶ 10    A section 2-619.1 allows a party to file a combined motion under sections 2-615 and 2-619 of the Code of Civil Procedure (Code). 735 ILCS 5/2-615, 2-619, 2-619.1 (West 2012). A section 2-615 motion challenges the legal sufficiency of the complaint. 735 ILCS 5/2-615 (West 2012). A section 2-619 motion admits the legal sufficiency of the complaint but asserts an affirmative matter defeating the claim. 735 ILCS 5/2-619 (West 2012). When reviewing a 2-619.1 motion, we accept all well-pleaded facts and all reasonable inferences from those facts as true. *Davidson v. Gurewitz*, 2015 IL App (2d) 150171, ¶ 9. This court interprets the pleadings in the light most favorable to the nonmovant. *Sierra Club v. Office of Mines & Minerals*, 2015 IL App (4th) 140405, ¶ 23. We review a section 2-619.1 dismissal *de novo*. *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 15.

¶ 11    The 1994 version of the sexual abuse statute provided a two-year statute of limitations, which began to run when the victim turned 18 or within two years of his or her discovery of the abuse and the resulting injury. 735 ILCS 5/13-202.2 (West 1994). It deleted the statute of repose that had been included in the original version of the statute that was enacted in 1991. See Pub. Act 86-1346, § 1 (eff. Jan. 1, 1991) (adding 735 ILCS 5/13-202.2). In 2003, the sexual abuse statute was again amended, this time to include a limitations period of 10 years, or 5 years after the abuse and injury are discovered. Pub. Act 93-356, § 15 (eff. July 24, 2003) (amending 735 ILCS 5/13-202.2). Also added to the 2003 version was an expanded explanation of the discovery rule. Pub. Act 93-356, § 15 (eff. July 24, 2003) (amending 735 ILCS 5/13-202.2(b)). Currently, and at the time Horn filed his complaint, the sexual abuse statute provides for a 20-year statute of limitations. 735 ILCS 5/13-202.2 (West 2014).

¶ 12    Section 13-202.2 codified the common-law discovery rule for cases involving childhood sexual abuse. *Clay v. Kuhl*, 189 Ill. 2d 603, 608-09 (2000). A limitations period begins to run under the common-law discovery rule when the party who is seeking relief knows or should reasonably know that the injury exists and that it was wrongfully caused. *Parks v. Kownacki*, 193 Ill. 2d 164, 176 (2000) (quoting *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981)). Adults are charged with knowledge that sexual contact between adults and children is harmful and wrong and causes injury. *Softcheck v. Imesch*, 367 Ill. App. 3d 148, 156 (2006).

Whether the discovery rule applies is generally a question of fact but may be determined as a matter of law when the answer is clear from the pleadings. *Clay*, 189 Ill. 2d at 609-10.

¶ 13 Where a cause of action is fraudulently concealed by the liable person, the party entitled to the knowledge has five years after he or she discovers the cause of action to file a complaint. 735 ILCS 5/13-215 (West 2012). To establish that the limitation period should be tolled based on fraudulent concealment, the plaintiff must demonstrate that (1) the defendant engaged in affirmative acts or representations intended to "lull or induce" the plaintiff to fail to discover his claim, (2) knowing them to be false, (3) intending to deceive and (4) actually deceiving the plaintiff, and (5) upon which the plaintiff detrimentally relied. *Wisniewski v. Diocese of Belleville*, 406 Ill. App. 3d 1119, 1154 (2011) (quoting *Smith v. Cook County Hospital*, 164 Ill. App. 3d 857, 862 (1987); *Orlak v. Loyola University Health System*, 228 Ill. 2d 1, 18 (2007)). Silence by a person who is in a fiduciary relationship or position of trust with a plaintiff may constitute fraudulent concealment. *Wisniewski*, 406 Ill. App. 3d at 1155.

¶ 14 To support a claim of equitable estoppel sufficient to toll a limitation period, a plaintiff must show that (1) the other parties misrepresented or concealed material facts, (2) they knew at the time of making the representations that they were not true, (3) the party who is claiming estoppel did not know the representations were untrue when they were made and relied on the misrepresentations in acting, (4) the other parties intended or reasonably anticipated that the party claiming estoppel would base his or her decision whether to act based on the representations, (5) the plaintiff reasonably relied on the representations in good faith and to his or her detriment, and (6) the plaintiff would be prejudiced by the reliance on the representations if the other parties deny their truth. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 82-83 (2006).

¶ 15 We agree with the trial court's determination that the 1994 version of the sexual abuse statute applied and that its two-year statute of limitations required Horn to file his complaint on or before November 26, 1998. The abuse occurred between 1991 and 1994. Horn turned 18 on November 26, 1996, and thus he had until November 26, 1998, to file his action unless the limitations period was tolled. We disagree with the trial court, however, that the allegations were inadequate to invoke the discovery rule and find the allegations in the complaint were sufficient to move forward.

¶ 16 In the amended complaint, Horn alleged that prior to his turning 18, he repressed and suppressed any memory of the abuse. The complaint further alleged that he only remembered in 2011 that the contact occurred and caused his injuries. The complaint lists the psychological disorders with which Horn was diagnosed by a psychiatrist, including childhood abuse amnesia, and alleges that they were caused by Goodman's abuse. The complaint provides specifics about the repression and suppression of Horn's memories, including the force of his Catholic upbringing and background, assurances and threats made by Goodman while the abuse was occurring, and the silence of the Diocese as to the abuse.

¶ 17 In the complaint, Horn asserted that due to his indoctrination and instruction, he would not have imagined that a priest would act criminally and the Catholic Church would cover it up. Horn alleged that in keeping with the standard practice, the Diocese misrepresented that Goodman was a priest in good standing and not a danger to the community and its children. He further alleged that the indoctrination also served to prevent him remembering and appreciating that the wrongful acts occurred. In support of these claims, the complaint sets

forth information regarding the practice of the Catholic Church and its practice regarding priest sexual abuse cases.

¶ 18    In dismissing the complaint, the trial court relied on *Softcheck* in concluding that the allegations were insufficient to invoke the discovery rule. Under *Softcheck*, when a plaintiff turns 18 and becomes an adult, he or she is charged with knowledge that sexual contact between a minor and an adult is wrong and injurious. *Softcheck*, 367 Ill. App. 3d at 156. We do not consider the *Softcheck* rule applicable. The *Softcheck* plaintiffs did not allege that their memories of the abuse were blocked. *Id.* at 154. In contrast, Horn alleged that he was unable to remember the sexual contact occurred. He cannot be charged with knowledge of something he did not remember happened.

¶ 19    We also reject the trial court's distinction between sexual contact and sexual abuse, as determined when the original complaint was dismissed as based on inadequate pleadings. In our view there is no difference between contact and abuse; they are interchangeable terms for the physical act that occurred. The fact of Horn turning 18 does not trigger the knowledge that his contact with Goodman was wrong. To the contrary, he alleged that the Diocese acted to reinforce that no harm was done to him and that the time he spent with Goodman was beneficial to his growth and that he did not discover the acts occurred, were wrongful, and injured him until 2011. Construing the allegations in a light most favorable to Horn, we find the complaint is legally sufficient to move forward and avoid dismissal.

¶ 20    Horn also argues that his complaint provided sufficient allegations of fraudulent concealment and equitable estoppel to invoke the discovery rule. We disagree. In order to demonstrate fraudulent concealment, Horn was required to allege that the Diocese acted in ways meant to prevent him from knowing of the abuse or injuries. There is nothing in the complaint suggesting or indicating that Horn informed the Diocese of the abuse when it occurred or at any time after it happened. We consider that such allegations would conflict with Horn's claims that he repressed and suppressed the abuse from the time it occurred. If he was unaware of the abuse, he would also be unable to tell the Diocese of it, and he provides no facts that Goodman himself informed the Diocese of the abuse. Horn alleged the Diocese was aware he was sexually abused by Goodman and remained silent about the abuse, that Goodman threatened there would be adverse consequences if Horn informed anyone about the abuse, and that by its silence, the Diocese intended to convince Horn that the sexual abuse was normal and that no harm resulted from it. He did not, however, present any affirmative acts or representations by the Diocese intended to lull or induce him to fail to discover his claim. Horn failed to offer any facts that the Diocese knew of Goodman's abuse and acted to prevent Horn from discovering it. We find the allegations of fraudulent concealment inadequate to invoke the discovery rule.

¶ 21    We further find that equitable estoppel does not aid Horn's cause. As determined by the trial court, the Diocese did not act any differently regarding Goodman's abuse of Horn than it did any other incident of abuse and did not act in a way that would estop him or other alleged victims from asserting the limitations defense. Horn did not allege the Diocese misrepresented or concealed material facts about the abuse, knowing them to be untrue or that Horn relied on any representations to his detriment. Again, Horn does not specify that the Diocese was aware of the abuse or that it had any contact with him about it on which he would have detrimentally relied. We find Horn's allegations are insufficient to establish equitable estoppel.

¶ 22    Although we find that Horn did not adequately plead fraudulent concealment or equitable estoppel, we are satisfied that the allegations in Horn's complaint that he repressed and suppressed memories of the abuse were sufficient to avoid dismissal at the pleading stage. He is not required to present his whole case at this point in the proceedings. We find that Horn has alleged facts sufficient to invoke the discovery rule and that dismissal was in error.

¶ 23                                              CONCLUSION
¶ 24    For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and the cause remanded.

¶ 25    Reversed and remanded.

¶ 26    JUSTICE WRIGHT, specially concurring.
¶ 27    I agree with the majority's conclusion that the complaint in this case was not time-barred when evaluated in light of the 1994 version of the sexual abuse statute.
¶ 28    I write separately because I submit that the timeliness of this cause of action should be measured by the version of the sexual abuse statute that existed in 2011, when the victim first became aware of his injuries. In 2011, plaintiff had a 20-year window to file a complaint. However, I recognize that under either the 1994 or the 2011 version of the sexual abuse statute, the complaint in this case is timely.
¶ 29    The majority politely distinguishes the decision in *Softcheck* on the grounds that the victim in that case did not claim to have repressed memories of the childhood sexual abuse. By way of review, *Softcheck* holds that once a child passes into legal adulthood on the child's eighteenth birthday, the young adult will be legally deemed to know that all sexual contact between an adult and an underage child is both wrong and injurious. I disagree with this holding and contend a child's inability to understand the wrongful or inherently harmful nature of certain acts does not evaporate on the child's eighteenth birthday.
¶ 30    Unlike the tactful approach of the majority in the case at bar, I feel compelled to observe that the logic of *Softcheck* is significantly flawed. In my view, *Softcheck* was wrongly decided and ignores the soul-shattering harm that results when a coach, priest, mentor, relative, or any trusted person sexually molests, abuses, or assaults a child. The decision in *Softcheck* overlooks the capacity of a young mind to protect itself from overwhelming emotional injury.
¶ 31    Notably, after the decision in *Softcheck*, the sexual abuse statute was amended to clarify that, as a matter of law, "knowledge of the [sexual] abuse does not constitute discovery of the injury." 735 ILCS 5/13-202.2(c) (West 2012). I respectfully submit that our lawmakers intended to have the date of discovery of the injury trigger the running of the statute of limitations. Thus, I conclude that the statute of limitations to be applied in this case correlates to the date of discovery of harm in 2011 and not the date of the abuse that took place in the 1990s.
¶ 32    For these reasons, I respectfully specially concur because I conclude the 2011 version of the sexual abuse statute, rather than the 2004 version of the sexual abuse statute, dictates the outcome of this appeal. However, I agree the trial court's decision should be reversed.