**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180554-U

Order filed July 21, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| CALVIN GRISSOM, | ) | Appeal from the Circuit Court |
| | ) | of the 9th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Knox County, Illinois, |
| | ) | |
| | ) | Appeal Nos. 3-18-0421 |
| | ) | 3-18-0554 |
| v. | ) | Circuit No. 17-SC-133 |
| | ) | |
| | ) | Honorable |
| CHRISTOPHER WILLIAMS, | ) | James G. Baber, |
| | ) | Anthony W. Vaupel, |
| Defendant-Appellee. | ) | Judges, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices McDade and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The trial court did not (1) err as a matter of law when it dismissed the plaintiff's second amended complaint with prejudice or (2) abuse its discretion when it denied the plaintiff's request to amend his complaint for a third time.

¶ 2     The plaintiff, Calvin Grissom, an inmate at Hill Correctional Center (HCC), brought a *pro se* small claims complaint against the defendant, Christopher Williams, an associate dean at Lake Land College (Lake Land). In the plaintiff's second amended complaint, he alleged that the

defendant (1) breached a contract and (2) committed a tort by acting in bad faith. The defendant filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2016)). The trial court dismissed the plaintiff's complaint with prejudice and denied his oral motion to again amend the complaint. The plaintiff appeals.

¶ 3                                    I. BACKGROUND

¶ 4        In March 2017, the plaintiff filed a small claims complaint against the defendant for "discriminatory and prejudicial acts." The plaintiff alleged that he was "denied access to an Associate of Liberal Studies degree program without justification in the [Illinois] Department of Correction[s] [(IDOC)]." In April 2017, the plaintiff filed a motion for leave to file a supplemental complaint. The trial court granted the plaintiff 21 days to amend his complaint.

¶ 5        In May 2017, the plaintiff filed his amended complaint, which detailed the alleged harassment and discrimination by the defendant. In July 2017, the defendant filed a motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)) or for a more definite statement pursuant to section 2-612 of the Code (735 ILCS 5/2-612 (West 2016)). Among other things, the defendant argued the plaintiff failed to set forth the legal basis for his claims. The trial court continued the case for a hearing on the motion to dismiss and the plaintiff was granted 28 days to respond to the motion.

¶ 6        In August 2017, the plaintiff responded to the defendant's motion to dismiss. He argued that the defendant's motion to dismiss should be denied because it spoke to the need of discovery. He also stated that he sought an order requiring the defendant to enroll him in the college program and that his complaint was based in contract. The defendant replied that (1) it appeared the plaintiff was pleading multiple counts on multiple theories but that his filings did not include individual counts to apprise the defendant on the theory the plaintiff sought relief nor did it set forth the relief

sought with any clarity, (2) the complaint was insufficient at law, and (3) the case was inappropriately filed as a small claims case.

¶ 7        In September 2017, the trial court granted the defendant's motion to dismiss the plaintiff's amended complaint without prejudice. The court granted the plaintiff 45 days to refile.

¶ 8        In October 2017, the plaintiff filed his second amended complaint. He set forth allegations of breach of contract and a tort claim for acting in bad faith. The following facts were set forth in his breach-of-contract claim. The plaintiff was transferred to HCC in 2014 and the staff informed him that the IDOC entered into a contract with Lake Land to provide rehabilitative services. The plaintiff was provided an orientation manual with rules he was required to follow to attend school. IDOC staff and Lake Land staff conducted a social evaluation assessment to determine his rehabilitation needs and placed him on the student enrollment waitlist at Lake Land. Before Lake Land accepted him into the program, the plaintiff claimed that he entered into a contract with Lake Land through its Dean of Corrections, Jennifer Billingsley. He claimed the terms of the contract were the rules set forth in HCC's orientation manual and the IDOC's administrative directives.

¶ 9        Thereafter, the plaintiff enrolled in the liberal studies program at Lake Land as a full-time student. In the fall 2015 semester, the plaintiff withdrew from a class and received a six-month suspension effective November 6, 2015, due to his withdrawal. He was advised he could apply to the waitlist after six months. The plaintiff applied for re-enrollment, and his request was approved in June 2016.

¶ 10       The plaintiff claimed that the defendant breached the contract because he was placed on a six-month suspension when the IDOC administrative directive only calls for a 45-day suspension. Specifically, he pointed to administrative directive 04.10.108, which provided that "[s]tudents who drop an education or vocational program *** shall not be permitted to re-enroll or enroll in another

3

school assignment for a minimum of 45 calendar days" unless otherwise approved. The directive also provided that, after 45 calendar days, students in voluntary educational assignments may request re-enrollment. The plaintiff asked for $10,000, particularly $2,000 for each month his contract was breached.

¶ 11    Next, the plaintiff claimed that the defendant "committed a tort" by acting in bad faith when he intentionally altered the contract in August 2016. The plaintiff stated that he was informed by the defendant that he was dropping him from the liberal studies program because he already had an associate degree and Lake Land had nothing to offer him. The plaintiff filed a grievance. In response, the defendant provided the following statement:

> "Offender Grissom was verbally informed in person that his participation in the Associate program at Hill C.C. ended once his associate degree earned at Kaskaskia College was identified from his Kaskaskia transcripts. Correctional students cannot take classes indefinitely throughout their incarceration. Students who graduate from a post-secondary program cannot complete the same post-secondary program at another correctional site and college in order to continue to participate in programming in perpetuity. Once a student has reached their educational goal, equal opportunity must be granted to other students who have not obtained this goal. Every college student upon graduation must identify a new and different goal to improve their re-entry prospects, repeating the same goal does not improve re-entry."

¶ 12    The plaintiff argued that the defendant acted in bad faith because Lake Land knew about the plaintiff's degree since 2004. He stated that he transferred credits from Lake Land in 2004 to Kaskaskia College to receive the associate degree. Among other things, he argued that the degree

4

he received during his 2004 incarceration had nothing to do with his current incarceration and that degree was from general studies and he now sought a degree in liberal studies. The plaintiff again pointed to administrative directive 04.10.108, which provided that

> "[a] student who has completed two post-secondary programs, certificate or degree, during his or her current incarceration within the Department shall not be enrolled in a third program unless: (a) Approved by the Chief Administrative Officer and Administrator of Adult Education and Vocational Services; and (b) There is no waiting list in that respective program at the time of the request."

He also pointed to the HCC's orientation manual, which provided that offenders were limited to earning two certificates per incarceration. The plaintiff sought $10,000 for this tort claim.

¶ 13 In November 2017, the defendant filed a combined motion to dismiss pursuant to section 619.1 of the Code (735 ILCS 5/2-619.1 (West 2016)). As to section 2-615 of the Code, the defendant argued that (1) the IDOC's administrative directives do not have the force of law or create a mandatory duty on the part of the agency; (2) the plaintiff had no right to enroll and the defendant did not have a duty to offer or enroll the plaintiff in courses beyond the twelfth grade level (730 ILCS 5/3-6-2(d) (West 2016)); and (3) Illinois does not recognize the plaintiff's tort claim. As to section 2-619 of the Code, the defendant first argued that even if the administrative directive created a contract, it stated that the suspension for withdrawal would occur for a duration lasting "a minimum of 45 calendar days" and states no maximum suspension duration. Second, the defendant argued that the plaintiff failed to exhaust administrative remedies by failing to appeal to the Director of the IDOC. (20 Ill. Adm. Code 504.850(a) (West 2016)).

¶ 14 On June 14, 2018, the trial court issued an order following arguments on the defendant's combined motion to dismiss. The court made the following findings: (1) even if a contract was

5

created between the parties, there was no breach by the defendant for not allowing the plaintiff to return after 45 days; (2) the relevant administrative directive provided that a suspended student may not re-enroll or enroll in another program for "a minimum of 45 days"; (3) the administrative directive applies to adult basic education and not to college programs; and (4) there was no indication that the plaintiff exhausted administrative remedies. Therefore, the court dismissed the plaintiff's second complaint with prejudice "pursuant to 2-615 as to no breach of contract, and 2-619 as to failure to exhaust administrative remedies." The court also noted that the plaintiff's oral motion to again amend the complaint was denied.

¶ 15        On July 16, 2018, the plaintiff filed a "motion for leave to file posttrial motions," which in substance was a motion for an extension of time due to a delay in receiving mail while in prison, and a notice of appeal.

¶ 16        On July 17, 2018, this court ordered the plaintiff to show cause, on or before July 30, 2018, as to why the appeal should not be dismissed for lack of jurisdiction as it appeared there was a motion pending in the trial court. No response was received, and this court dismissed the plaintiff's appeal docketed as No. 3-18-0421.

¶ 17        On August 13, 2018, the plaintiff filed a motion to reconsider in the trial court. On August 17, 2018, the court found that it lacked jurisdiction and that the motion was untimely. On September 13, 2018, the plaintiff filed a notice of appeal, which was docketed as No. 3-18-0554.

¶ 18                                    II. ANALYSIS

¶ 19        We first address our jurisdiction. The trial court's written order dismissing the plaintiff's complaint with prejudice was dated June 14, 2018. The plaintiff had 30 days from that date to file a postjudgment motion, a motion for an extension of time to file postjudgment motion, or a notice of appeal. See Ill. S. Ct. R. 303(a) (eff. July 1, 2017); 735 ILCS 5/2-1203(a) (West 2018). On July

6

16, 2018, the 30th day (see 5 ILCS 70/1.11 (West 2018)), the plaintiff filed a "motion for leave to file posttrial motions" and a notice of appeal. The court never ruled on the "motion for leave to file posttrial motions" and lost jurisdiction. See 735 ILCS 5/2-1203(a) (West 2018) (giving trial courts the authority to grant such extensions if done within the initial 30-day timeframe). As previously explained, this court dismissed the plaintiff's July 2018 appeal because it appeared a motion remained pending in the trial court and the plaintiff failed to respond to this court's inquiry. Also, this court does not have jurisdiction over the plaintiff's September 2018 appeal because his postjudgment motion was untimely and did not toll his time to appeal. See Ill. S. Ct. R. 303(a).

¶ 20        Nonetheless, we note that both appeals concerned the propriety of the trial court's dismissal of the plaintiff's second amended complaint and the court's denial of his request to amend his complaint for a third time. Considering the foregoing, this court vacated the order dismissing the appeal in No. 3-18-0421 and recalled our mandate, as that appeal was timely, and consolidated it with No. 3-18-0554.[1] Thus, (1) we have jurisdiction to consider the propriety of the court's dismissal of the plaintiff's second amended complaint and (2) we do not have jurisdiction to consider the motion to reconsider and the court's dismissal of that motion.

¶ 21        Next, we turn to the merits. The plaintiff raises multiple arguments to support his position that the trial court erred as a matter of law when it dismissed his second amended complaint and denied his request to amend. The defendant argues the rulings were proper.

¶ 22        The defendant's motion to dismiss the plaintiff's second amended complaint was brought under section 2-619.1 of the Code, which allows a party to file a motion combining a section 2-

---

[1] Upon subsequent review of the record in the plaintiff's first appeal, it was discovered that what appeared to be a pending posttrial motion in the trial court was not in fact a posttrial motion but simply a motion for leave for an extension of time to file a posttrial motion. Therefore, since the trial court never ruled on that motion and was divested of jurisdiction, the simultaneously filed notice of appeal was operative.

615 motion to dismiss with a section 2-619 motion to dismiss. See 735 ILCS 5/2-619.1 (West 2016). A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint, while a section 2-619 motion to dismiss admits the sufficiency, but asserts a defense outside the complaint that defeats it. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. When reviewing a section 2-619.1 motion, we accept all well-pleaded facts and all reasonable inferences from those facts as true and interpret the pleadings in the light most favorable to the nonmovant. *Horn v. Goodman*, 2016 IL App (3d) 150339, ¶ 10. We review the trial court's granting of a motion to dismiss *de novo*. *Carr v. Koch*, 2011 IL App (4th) 110117, ¶ 25.

¶ 23    First, we address the plaintiff's breach-of-contract claim. To prevail on such a claim, the plaintiff must show that (1) a valid and enforceable contract exists, (2) the plaintiff performed his obligations under the contract, (3) the defendant breached the contract, and (4) the plaintiff was injured as a result. *Sheth v. SAB Tool Supply Co.*, 2013 IL App (1st) 110156, ¶ 68.

¶ 24    Here, the plaintiff contends that the HCC orientation manual and the IDOC's administrative directives created a contract between the parties and the defendant breached the contract by suspending him in excess of the time allowed under the contract. Assuming, *arguendo*, that the HCC's orientation manual and the IDOC's administrative directives created a contract and the defendant is the proper party to bring this action against, administrative directive 04.10.108 explicitly provides that a suspension will occur "for a *minimum* of 45 calendar days." (Emphasis added.) *Supra* ¶ 10. Neither the administrative directive nor the HCC's orientation manual attempt to place a maximum amount of time that an inmate can be suspended from classes at Lake Land. We also note that the plaintiff fails to assert that a contrary reading of the administrative directive is appropriate. We fail to see how a six-month suspension violates the terms of either the orientation manual or the IDOC's administrative directive. For the foregoing reasons, the plaintiff

8

failed to demonstrate that a breach of contract occurred.

¶ 25        Next, we address the plaintiff's claim that "the defendant committed a tort, acting in bad faith, breaching the contract." Specifically, he takes issue with his removal from Lake Land after he was allowed to reenroll following his suspension. Our supreme court has made it clear that "[m]ere allegations of bad faith or unreasonable and vexatious conduct *** are not sufficient to constitute a separate and independent tort." *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 530 (1996). However, on appeal, the plaintiff attempts to characterize this claim as tortious interference of contract. He fails to cite any authority to support his claim or even describe or develop an argument as to how his complaint satisfied the elements of a claim for tortious interference of contract. Illinois Supreme Court Rule 341(h)(7) (eff. Nov. 1, 2017), requires that an appellant's brief contain both argument and citation to relevant authority. *Vancura v. Katris*, 238 Ill. 2d 352, 369-70 (2010). "*Pro se* litigants are not excused from following rules that dictate the form and content of appellate briefs." *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. Failure to comply with Rule 341(h)(7) results in forfeiture. *Vancura*, 238 Ill. 2d at 369-70. Therefore, the plaintiff forfeited this issue. See *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56 ("a reviewing court is not simply a depository into which a party may dump the burden of argument and research").

¶ 26        We conclude the trial court did not err as a matter of law when it dismissed the plaintiff's second amended complaint with prejudice under section 2-615 of the Code. Since we have made this determination, we need not decide whether dismissal under section 2-619 was also proper.

¶ 27        As a final matter, the plaintiff takes issue with the trial court's denial of his oral motion to amend his complaint for a third time. A trial court has broad discretion in motions to amend pleadings prior to the entry of final judgment, and we will not reverse the court's denial of a motion

9

to amend absent an abuse of discretion. *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273-74 (1992). In determining whether the trial court has abused its discretion, this court looks at four factors set forth by our supreme court: (1) whether the proposed amendment would cure the defective pleading, (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment, (3) whether the proposed amendment is timely, and (4) whether previous opportunities to amend the pleading could be identified. *Id.* at 273.

¶ 28    Here, according to the trial court's written order, the plaintiff made an oral request to amend his complaint during the hearing on the defendant's motion to dismiss. The court noted in its written order that the plaintiff's request to amend was denied. However, we do not know what the plaintiff proposed to amend or if it would have cured the defective pleading as the plaintiff failed to file a report of proceedings, a bystander's report, or an agreed statement of facts. Ill. S. Ct. R. 323 (eff. July 1, 2017). Thus, we do not have the facts necessary to make such a determination, and we must defer to the trial court and presume that its decision was in conformity with the law. See *Webster v. Hartman*, 195 Ill. 2d 426, 433-34 (2001). Accordingly, the court did not abuse its discretion when it denied the defendant's request to amend the complaint.

¶ 29                                III. CONCLUSION

¶ 30    For the foregoing reasons, the judgment of the circuit court of Knox County is affirmed.

¶ 31    Affirmed.