**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230222-U

Order filed August 26, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| CLIMATE PROS, LLC, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-23-0222 |
| | ) | Circuit Nos. 22-CH-159 & 22-LA-851 |
| RICHARD CHRISTERSON, | ) | cons. |
| | ) | |
| Defendant. | ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| _____ ) | | Judge, Presiding. |
| | ) | |
| CLIMATE PROS, LLC, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES FORDYCE, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Holdridge and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:    In a trade secret misappropriation and breach of fiduciary duty action, the circuit court prejudiced plaintiff by granting defendant's section 2-619.1 combined motion to dismiss without compelling compliance with the provision's procedural requirements. Reversed and remanded.

¶ 2      On September 27, 2022, Climate Pros, LLC (Climate Pros), a full-service commercial and industrial refrigeration, HVAC, and construction company, filed a two-count complaint for injunctive and other relief against James Fordyce, its former employee, alleging Fordyce misappropriated its trade secrets in violation of the Illinois Trade Secrets Act (ITSA) (765 ILCS 1065/2 (West 2022)) and breached his fiduciary duty of loyalty to the company by e-mailing himself purported confidential documents soon before resigning and joining a local competitor. In a combined motion, Fordyce moved to dismiss the complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code). 735 ILCS 5/2-615, 2-619, 2-619.1 (West 2022). The circuit court granted Fordyce's motion and dismissed the complaint with prejudice. Climate Pros appeals, arguing that the circuit court erred by (1) ignoring the procedural defects of Fordyce's combined motion, (2) dismissing its trade secrets claim, and (3) ruling that the ITSA preempted its fiduciary claim. We reverse and remand for further proceedings.

¶ 3                       I. BACKGROUND

¶ 4      Climate Pros's complaint establishes that its primary business comes from commercial clients, such as supermarkets, mass merchants, restaurants, and convenience stores. It offers varied services to its clientele that range from equipment sales, installation, and repair to electrical installation and carpentry. It collects "confidential and trade secret business information" such as pricing strategy, bid proposals, and proprietary information regarding customers, vendors, general contractors, and sub-contractors. It further alleged that it safeguards this information through the inclusion of policies in its employee handbook, which Fordyce possessed.

¶ 5        The complaint provided that from April 4, 2016, through June 17, 2022, Fordyce was employed as an estimator in Climate Pros's electrical construction department. In this role, he worked with customers, negotiated pricing, and assembled estimates and proposals. He was also among a select group of employees who had access to Climate Pros's confidential and trade secret information. During his tenure at Climate Pros, Fordyce reported to his department manager, Richard Christerson. Fordyce and Christerson both left Climate Pros on June 17, 2022, before joining a competitor commercial and industrial electrical contractor, Lombardi Electric, Inc. Following their departures, Climate Pros investigated purported improper actions Christerson made prior to his resignation, which resulted in Climate Pros filing a lawsuit against him on July 27, 2022, asserting claims of trade secret misappropriation and breach of duty of loyalty.

¶ 6        The complaint alleged that, while investigating Christerson's conduct, Climate Pros discovered that on May 25, 2022, and June 7, 2022, just prior to his departure, Fordyce forwarded himself two e-mails from his work e-mail account to a personal e-mail account. In the May e-mail, Fordyce forwarded an e-mail with the subject line "FW: Electrical Rates Glendale Heights Construction" with two attached Microsoft Excel spreadsheets, titled "Valued OH Expense by State Table" and "4500 Cost Detail." In the June e-mail, a day after announcing his resignation, Fordyce forwarded himself an e-mail with the subject line "Fwd: 0080 Worksheet Scope Remodel 4-25-2022-bid form.xlsx" which contained an Excel spreadsheet by the same name.

¶ 7        These Excel spreadsheets, the complaint alleged, contained Climate Pros's protected confidential information, including calculations on overhead costs, bid proposal information, and pricing for materials and parts. Count I of the complaint alleged Fordyce misappropriated

3

Climate Pros's "confidential information trade secrets" through unlawful acquisition. Climate Pros further alleged that the information Fordyce obtained qualifies as trade secrets under the law, the company derives an independent economic value from the information, and it takes affirmative steps to maintain the information's confidentiality. Count II alleged that Fordyce breached his fiduciary duty to Climate Pros. In support of this count, Climate Pros alleged that as an employee, Fordyce owed certain duties of loyalty to the company and "[i]n breach of these duties of loyalty, Fordyce misappropriated Climate Pros'[s] trade secrets and confidential information for the benefit of himself and his new employer while still employed with Climate Pros and to the detriment of Climate Pros." Climate Pros sought monetary damages and to enjoin Fordyce from continuing to use these documents and sharing these documents with others.

¶ 8        On November 22, 2022, Climate Pros filed an unsuccessful motion for temporary restraining order and preliminary injunction against Fordyce. Meanwhile, on November 28, 2022, Fordyce brought a motion to consolidate his litigation with the lawsuit brought against Christerson. Three days later, the court granted Fordyce's motion.

¶ 9        On January 11, 2023, Fordyce filed a section 2-619.1 motion to dismiss Climate Pros's complaint against him, arguing the documents which are the subject of the lawsuit are not trade secrets and the complaint failed to adequately allege the documents were misappropriated. 735 ILCS 5/2-619.1 (West 2022). Fordyce's motion asserted that the pricing information contained in the June e-mail was disclosed to Climate Pros's competitors by its client, Jewel-Osco, and therefore was not confidential. He contended that because the breach of fiduciary duty claim was "predicted [*sic*] exclusively on the misappropriation claim" it failed as a matter of law.

¶ 10        In an accompanying memorandum, Fordyce reiterated his arguments in favor of dismissal and provided factual background concerning the forwarded e-mails. Regarding the May e-mail,

4

he alleged that the day prior to forwarding the e-mail to himself, he sent the same e-mail to Climate Pros's upper brass wherein he pointed out several pricing discrepancies between the two Excel spreadsheets. His concern, according to the memorandum, was grounded in the impact that inconsistent labor rates had over he and his colleagues' bonuses, which were "based off of the profitability of each job" and presumably contingent upon true and accurate profit margin calculations. Fordyce attached a signed declaration to the memorandum attesting to these facts.

¶ 11    The memorandum also addressed the June e-mail. The Excel spreadsheet attached to the June e-mail was Climate Pros's bid calculation to Jewel-Osco for a job in Plainfield, Illinois. Scott Smetana, a project manager for Jewel-Osco and the individual who solicited bids on behalf of Jewel-Osco for this job, submitted a declaration that was attached to Fordyce's memorandum. In his declaration, Smetana explained that he invited Climate Pros to bid for the Plainfield job. Smetana distributed the Excel spreadsheet in question to general contractors for bid compilation. It was Smetana's practice to share with all the bidding general contractors the tabulations for the total pricing information that he received for a specific job and notify them of the victorious bidder. The same was true in this instance, where he transmitted the bidding results to four general contractors, including Climate Pros, and Climate Pros was not the successful bidder. Fordyce supplementally argued in the memorandum that it is well-settled in Illinois that pricing information, mark-ups, bids, and customer pricing preferences are not trade secrets; that Climate Pros's complaint failed to adequately allege misappropriation and maintenance of secrecy for the documents; and the information within the purported misappropriated documents does not provide Climate Pros with a competitive advantage.

¶ 12    On February 16, 2023, Fordyce filed a motion for joinder concerning the breach of fiduciary duty count, seeking to add to his motion to dismiss a preemption argument that

Christerson made in his respective litigation. After Climate Pros filed a response against Fordyce's request, the court granted Fordyce's motion.

¶ 13 On February 21, 2023, Climate Pros filed a response to Fordyce's motion to dismiss. In sum, it stated it had pled sufficient facts to support its complaint against Fordyce, challenged Fordyce's use of the self-serving declarations in an attempt to defeat its complaint, contended that the "Jewel-Osco Document" was not one that it had alleged was misappropriated, argued there was no *per se* rule that bars pricing information and bid information from being deemed trade secrets, and asserted its breach of his fiduciary duty action was brought as an alternative claim and therefore not dependent upon the trade secrets count. It also complained that Fordyce's motion failed the mandatory requirements of a section 2-619.1 motion which resulted in guesswork for the bases of dismissal Climate Pros must address in response and complicated the court's review. 735 ILCS 5/2-619.1 (West 2022).

¶ 14 Several motions concerning Christerson and Fordyce, including Fordyce's motion to dismiss, came before the court for hearing on April 10, 2023. After hearing arguments, the court granted Fordyce's motion to dismiss both counts with prejudice "on several grounds" explaining it believed the documents at issue are not trade secrets "and it does not appear to the Court nor has there been any argument made as to how anyone can reverse engineer and find out what the individual components of these specific dollar figures represent any trade secret or any secret calculation as to the individual components."

¶ 15 Based on its finding that the documents did not constitute trade secrets, it found that it was compelled to grant the motion to dismiss. Separately, it held that the breach of fiduciary duty count was preempted by the ITSA. "[A]ll of the elements of the amended complaint" the court explained "depend on whether these allegations of misuse and appropriation *** deal with trade

secrets." Therefore, it found that the breach of loyalty claim also was "dependent on whether there is a trade secret."

¶ 16    Climate Pros timely appealed.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, Climate Pros argues that the court erred by dismissing its trade secrets claim against Fordyce when it failed to afford the appropriate deference to Climate Pros's well-pled allegations. It also contends error in dismissing the breach of loyalty claim against Fordyce on preemption grounds, arguing this count was pled alternatively and not subsumed by its trade secret misappropriation claim. Prior to reaching the merits of these arguments, Climate Pros argues the Fordyce's motion to dismiss was procedurally deficient, an issue that the lower court did not give due consideration.

¶ 19    Section 2-619.1 of the Code permits a party to file a combined motion under sections 2-615 and 2-619. 735 ILCS 5/2-615, 2-619, 2-619.1 (West 2022); *Horn v. Goodman*, 2016 IL App (3d) 150339, ¶ 10. A section 2-615 motion challenges the legal sufficiency of the complaint. 735 ILCS 5/2-615 (West 2022); *Horn*, 2016 IL App (3d) 150339, ¶ 10. Whereas a motion brought pursuant to section 2-619 admits the legal sufficiency of the pleading but asserts that there is an affirmative matter that defeats the claim. 735 ILCS 5/2-619 (West 2022). "When reviewing a 2–619.1 motion, we accept all well-pleaded facts and all reasonable inferences from those facts as true." *Horn*, 2016 IL App (3d) 150339, ¶ 10. We interpret the pleadings in the light most favorable to the nonmovant. *Id.* "We review a section 2-619.1 dismissal *de novo*." *Id.*

¶ 20    Climate Pros initially argues that Fordyce's motion to dismiss failed the mandatory requirement to arrange its section 2-615 and section 2-619 arguments into distinct parts and alleges further error ancillary to this failure. Fordyce responds that it is apparent on the face of

7

his motion which arguments applied to the respective Code sections. Alternatively, he argues it would not serve judicial economy to require him to replead.

¶ 21 Section 2-619.1 of the Code provides:

> "Motions with respect to pleadings under Section 2-615, motions for involuntary dismissal or other relief under Section 2-619, and motions for summary judgment under Section 2-1005 may be filed together as a single motion in any combination. A combined motion, however, shall be in parts. Each part shall be limited to and shall specify that it is made under one of Sections 2-615, 2-619, or 2-1005. Each part shall also clearly show the points or grounds relied upon under the Section upon which it is based." 735 ILCS 5/2-619.1 (West 2022).

Section 619.1 does not permit a party to commingle distinctive claims pursuant to sections 2-615 and 2-619. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 20. "[T]rial courts should not–and need not–accept for consideration combined motions under section 2–619.1 that do not meet these statutory requirements." *Howle v. Aqua Illinois, Inc.*, 2012 IL App (4th) 120207, ¶ 73. "Reviewing courts have long disapproved of th[e] slipshod practice" of using a hybrid motion which seeks dismissal under sections 2-615 and 2-619, "as it causes unnecessary complication and confusion." *Talbert v. Home Savings of America, F.A.*, 265 Ill. App. 3d 376, 379 (1994).

¶ 22 While a failure to adequately compartmentalize is not always "fatal, *** reversal is required if prejudice results to the nonmovant." *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994); *Krewionek v. McKnight*, 2022 IL App (2d) 220078, ¶ 21 (reviewing court "may review a commingled section 2-619.1 motion, so long as considering the motion as drafted is not prejudicial to the nonmovant"). Reviewing courts have reached the merits of a 2-619.1 motion

8

where the nonmovant was not prejudiced and bypassing the procedural misstep was in the interests of judicial economy. See *Kovilic v. City of Chicago*, 351 Ill. App. 3d 139, 143 (2004).

¶ 23　　　　Neither party disputes that Fordyce presented an improper motion to dismiss which failed the mandatory dictates outlined in section 2-619.1 of the Code. Section 2-619.1 employs mandatory language; should one file a combined motion under this section, complying with its requirements is not permissive, but required. 735 ILCS 5/2-619.1 (West 2022); *Howle*, 2012 IL App (4th) 120207, ¶ 73 (explaining section 2-619.1 explicitly requires that a combined motion under sections 2-615 and 2-619 "(1) must be in parts, (2) must 'be limited to and shall specify that it is made under' either section 2–615 or 2–619, and (3) must 'clearly show the points or grounds relied upon under the [s]ection upon which it is based' "). It is also true that here the court failed to cite under which section it granted dismissal. These facts together have made our task of reviewing the propriety of the circuit court's ruling more difficult. See *Lavite v. Dunstan*, 2016 IL App (5th) 150401, ¶ 20 (explaining the failure to comply with the requirements of section 2-619.1 "makes the task of considering the merits of the motion more arduous for both trial courts and courts of review"). Reversing to curb an "increasingly prevalent" issue (*id.*), one that is described as a "slipshod practice" which "causes unnecessary complication and confusion," (*Talbert*, 265 Ill. App. 3d at 379) is required where it results in prejudice to the nonmovant (*Premier Electric Construction Co. v. La Salle National Bank as Trustee under Trust No. 49475*, 115 Ill. App. 3d 638, 643 (1983)).

¶ 24　　　　The reversibility of this issue depends on the prejudice, if any, endured by Climate Pros from Fordyce's improper motion practice. Fordyce argues on appeal that despite Climate Pros's position that it was left to guess the bases on which Fordyce sought dismissal, Climate Pros was able to ascribe the appropriate arguments to the relevant sections in both its response to

9

Fordyce's motion and its appellate brief. See *Morris v. Ameritech Illinois*, 337 Ill. App. 3d 40, 48 (2003) (plaintiff's opportunity to respond to arguments prevented reviewing court's finding of prejudice from grant of summary judgment). While the court provided specific reasons for dismissal, its reasoning lacked specificity for which section dismissal was granted under. *Anderson v. Anchor Organization for Health Maintenance*, 274 Ill. App. 3d 1001, 1010 (1995); *Provenzale v. Forister*, 318 Ill. App. 3d 869, 879 (2001).

¶ 25    According to the circuit court's ruling (1) the documents Fordyce e-mailed to himself were not trade secrets, and (2) the breach of fiduciary duty claim was preempted because it depended on whether the documents were a trade secret. Regarding the first count, the court cited Climate Pros's inability to show that the pricing information could be reverse engineered or shown as part of a secret calculation as the fatal error. After reviewing the record, it remains unclear whether the court identified this as a pleading error or as an affirmative matter defeating Climate Pros's complaint. The same confusion infects the circuit court's reasoning in dismissing Climate Pros's breach of fiduciary duty count. Accordingly, we believe the circuit court failed to offer clear reasons for the dismissal of both counts and, as a result, Climate Pros was prejudiced. See *Provenzale*, 318 Ill. App. 3d at 879. The prejudice resulting from the ambiguity in the court's ruling may be traced to Fordyce's improper hybrid motion. As such, we reverse so that the circuit court may give Fordyce an opportunity to either file a motion that meets the requirements of section 2-619.1 or file separate motions under the respective dismissal sections. See *Reynolds*, 2013 IL App (4th) 120139, ¶ 21.

¶ 26                                III. CONCLUSION

¶ 27    The judgment of the circuit court of Du Page County is reversed and remanded for proceedings consistent with this order.

10

¶ 28     Reversed and remanded.