NOTICE

Decision filed 04/28/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220144-U

NO. 5-22-0144

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| TYLER REAKA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 21-MR-61 |
| | ) | |
| CAPTAIN D'S, LLC, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellee and Cross-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court erred by denying defendant's motion to dismiss plaintiff's petition for entry of judgment pursuant to section 19(g) of the Workers' Compensation Act, where defendant made full payment of the Commission's final award prior to the filing of plaintiff's petition.

¶ 2    Plaintiff, Tyler Reaka, appeals the order of the circuit court of St. Clair County that granted his petition for enforcement of judgment, pursuant to section 19(g) of the Workers' Compensation Act (Act) (820 ILCS 305/19(g) (West 2020)), and interest on the unpaid portion of his workers' compensation award, pursuant to section 2-1303 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1303 (West 2020)), arguing that the court erred by denying his requests for section 2-1303 interest on the total award from September 9, 2015, attorney fees, penalties, and to depose prior counsel for defendant, Captain D's, LLC. Defendant cross-appeals, arguing that the court erred by

1

ruling that defendant owed additional compensation when the court denied defendant's motion to dismiss, pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)). Alternatively, defendant argues that the court erred by ruling that it owed section 2-1303 interest. For the following reasons, we reverse the court's denial of defendant's motion to dismiss and vacate the court's judgment against defendant.

¶ 3                                    I. Background

¶ 4     The following procedural history and facts are derived from the pleadings and exhibits contained in the record on appeal. We note that this case has a lengthy procedural history as a result of multiple appeals and numerous filings in the section 19(g) proceedings. We recite only those facts necessary to our resolution of this appeal.

¶ 5     On December 30, 2003, plaintiff filed an application for adjustment of claim, seeking benefits under the Act for injuries he allegedly sustained to his neck, cervical spine, and left knee while working for defendant on January 3, 2001. The matter ultimately proceeded to an arbitration hearing on February 8, 2011.

¶ 6     On March 24, 2011, the arbitrator issued a decision denying plaintiff benefits for his cervical spine injury but awarding him benefits for his left leg injury. Specifically, the arbitrator awarded plaintiff medical expenses in the amount of $21,407.47, pursuant to section 8(a) of the Act (820 ILCS 305/8(a) (West 2010)), and permanent partial disability (PPD) benefits in the amount of $51,615 ($516.15 per week for 100 weeks), representing 50% loss of the use of the left leg, pursuant to section 8(e) of the Act (*id.* § 8(e)). The arbitrator also ordered defendant to pay penalties in the amount of $10,859.49 under section 19(k) of the Act (*id.* § 19(k)) and attorney fees in the amount of $4281.49 under section 16 of the Act (*id.* § 16), based on defendant's unreasonable and vexatious nonpayment of medical benefits related to plaintiff's left leg injury. In

2

total, the arbitrator awarded plaintiff $88,163.45. The arbitrator further ordered defendant to pay plaintiff interest, if any, at a rate of 0.15% under section 19(n) of the Act (*id.* § 19(n)).

¶ 7    Defendant did not file a petition for review of the arbitrator's decision with the Illinois Workers' Compensation Commission (Commission). Defendant instead paid plaintiff $88,163.45, the total amount of the arbitrator's award, on April 19, 2011.

¶ 8    Plaintiff filed a petition for review of the arbitrator's decision with the Commission after he received defendant's payment.[1] The Commission issued a decision on February 2, 2012, affirming and adopting the arbitrator's decision. The Commission ordered defendant to pay plaintiff interest under section 19(n) of the Act, if any. The Commission also ordered that defendant "shall have credit for all amounts paid, if any, to or on behalf of [plaintiff] on account of said accidental injury."

¶ 9    Plaintiff sought judicial review of the Commission's decision in the circuit court of St. Clair County. The court entered an order on September 9, 2015, setting aside the Commission's decision and remanding the matter back to the Commission to award plaintiff benefits for his cervical spine injury.

¶ 10    Defendant appealed the circuit court's order to the workers' compensation division of the appellate court (appeal No. 5-15-0425WC). Plaintiff moved to dismiss defendant's appeal, asserting that the court's September 9, 2015, order was interlocutory and not appealable. The appellate court granted plaintiff's motion and dismissed the appeal for lack of jurisdiction on March 3, 2016.[2]

---

[1]Plaintiff alleged in the petition for review that he placed the petition in the mail on April 27, 2011, and the petition was file-stamped by the Commission on June 9, 2011.

[2]The appellate court did not issue a Rule 23 order or an opinion.

3

¶ 11    On April 4, 2017, the Commission issued a decision and opinion on remand in accordance with the circuit court's September 9, 2015, order. Despite finding no basis in law or fact for the court's order, the Commission found that plaintiff's cervical spine condition was causally connected to his January 3, 2011, work accident. Accordingly, the Commission awarded plaintiff PPD benefits in the amount of $103,230 ($516.15 per week for 200 weeks), representing 40% loss of use of the person as a whole, pursuant to section 8(d)(2) of the Act (820 ILCS 305/8(d)(2) (West 2016)), and medical expenses in the amount of $147,961.17, pursuant to section 8(a) of the Act. The Commission also awarded plaintiff PPD benefits in the amount of $51,615 ($516.15 per week for 100 weeks), representing 50% loss of use of the left leg, pursuant to section 8(e) of the Act. The Commission ordered defendant to pay plaintiff interest under section 19(n) of the Act, if any. The Commission further ordered defendant to pay plaintiff $125,595.58 as a penalty under section 19(k) of the Act, $10,000 as a penalty under section 19(*l*) of the Act (*id.* § 19(*l*)), and $50,238.23 for attorney fees under section 16 of the Act. In total, the Commission awarded plaintiff $488,639.98.

¶ 12    On April 27, 2017, defendant sought judicial review of the Commission's April 4, 2017, decision and opinion on remand before the circuit court. Plaintiff filed a motion to quash summons and dismiss judicial review. The court subsequently denied plaintiff's motion, finding sufficient compliance with section 19(f) of the Act (*id.* § 19(f)) to perfect jurisdiction.

¶ 13    On April 26, 2018, the circuit court entered an order confirming the Commission's April 4, 2017, decision and opinion on remand. Defendant appealed the court's order to the workers' compensation division of the appellate court (appeal No. 5-18-0288WC). Plaintiff filed a motion to dismiss the appeal, asserting that the circuit court lacked jurisdiction to review the Commission's decision. The appellate court ordered that plaintiff's motion be taken with the case.

¶ 14     On May 30, 2019, the workers' compensation division of the appellate court issued an unpublished decision finding that defendant failed to strictly comply with the procedural requirements set forth in section 19(f)(1) of the Act, and thus, failed to confer the circuit court with subject-matter jurisdiction. *Captain D's, LLC v. Illinois Workers' Compensation Comm'n*, 2019 IL App (5th) 180288WC-U, ¶ 30. Thus, the appellate court concluded that the circuit court's April 26, 2018, order confirming the Commission's decision on remand was void. *Id.* Defendant filed a petition for rehearing, which the appellate court denied on June 27, 2019.

¶ 15     Also, in June 2019, defendant issued various payments to plaintiff. Specifically, defendant paid plaintiff $4998.07 on June 21, 2019, $185,833.51 on June 26, 2019, $147,961.17 on June 26, 2019, $103,030 on June 27, 2019, $55.71 on June 28, 2019, and $200.30 on June 28, 2019. In total, defendant paid plaintiff $442,078.76 in June 2019.

¶ 16     On March 8, 2021, plaintiff filed a petition for enforcement of judgment and interest on the Commission's award pursuant to section 19(g) of the Act. Plaintiff attached to the petition a certified copy of the Commission's April 4, 2017, decision and opinion on remand. Plaintiff alleged that defendant made partial payment of the Commission's award. Plaintiff further alleged that he "requested full payment of the award and all accrued interest on the total award at 9%." Plaintiff requested that the circuit court enter judgment against defendant in the amount of $51,615 for PPD benefits awarded by the Commission, in addition to "interest at 9% on the total award from September 9, 2015." Plaintiff additionally requested that the court order defendant to pay attorney fees, penalties, costs, and any other relief the court deemed appropriate for defendant's "knowingly and willfully improper and illegal appeals, responses, motions and petitions."

¶ 17     On April 6, 2021, defendant filed a motion to dismiss pursuant to section 2-619 of the Code. Defendant alleged in the motion that it tendered full payment of the Commission's award,

and that its tender of full payment constituted a defense to a section 19(g) petition. Defendant attached as an exhibit to the motion a copy of the arbitrator's March 24, 2011, decision awarding plaintiff $88,163.45 in benefits under the Act, including PPD benefits in the amount of $51,615 for his left leg. Defendant alleged that it paid plaintiff $88,163.45—the full amount awarded by the arbitrator on March 24, 2011—on April 19, 2011, which included the $51,615 award of PPD benefits for plaintiff's left leg. Defendant further alleged that, after it unsuccessfully attempted to appeal the Commission's April 4, 2017, decision and opinion on remand, it paid plaintiff a total of $442,048.76 in the following installments: $4998.07 on June 21, 2019; $185,833.51 on June 26, 2019; $147,961.17 on June 26, 2019; $103,000 on June 27, 2019; $200.30 on June 28, 2019; and $55.71 on June 28, 2019.

¶ 18    In support of its allegations regarding payment, defendant attached the affidavit of Paula Williams, the payment history records custodian for the third-party administrator of the workers' compensation benefits for defendant in plaintiff's claim. Williams attested that the payment history records related to plaintiff's claim revealed that the third-party administrator paid plaintiff $88,163.45 on April 19, 2011, $4998.07 on June 21, 2019, $185,833.51 on June 26, 2019, $147,961.17 on June 26, 2019, $103,000 on June 27, 2019, $200.30 on June 28, 2019, and $55.71 on June 28, 2019. Williams attached as exhibits to her affidavit redacted payment ledgers that listed the payment amounts, payment dates, and corresponding check numbers. The exhibits attached to the affidavit indicated that defendant paid plaintiff $88,163.45 for "Permanent Disability" on April 19, 2011, and $103,030[3] for "Permanent Disability" on June 27, 2019.

_____

[3]While defendant's motion to dismiss and Williams's affidavit indicated that defendant paid plaintiff $103,000 on June 27, 2019, the documents attached to Williams's affidavit indicated that defendant paid plaintiff $103,030 on June 27, 2019.

6

¶ 19   In addition, defendant alleged that plaintiff's appeals following the arbitrator's March 24, 2011, decision involved only the cervical spine injury. In support, defendant attached as an exhibit to the motion a copy of plaintiff's brief to the Commission, wherein plaintiff stated that his "appeal involve[d] only the cervical spine injury and issues." Defendant further alleged that counsel for plaintiff confirmed during argument before the circuit court on December 18, 2017, that defendant paid all benefits the arbitrator awarded on March 24, 2011, including the PPD benefits totaling $51,615 for plaintiff's left leg injury. In support, defendant attached as an exhibit a copy of the transcript from the December 18, 2017, hearing, wherein counsel for plaintiff stated "when they found out what the award was on the knee, they didn't appeal or anything. They just paid it, all the penalties and everything." Thus, defendant argued that the court should deny plaintiff's request for PPD benefits of $51,615 for his left leg, because defendant satisfied its obligation regarding the PPD benefits "long ago."

¶ 20   Defendant also alleged that it paid the award in full in June 2019, including interest at a rate of 0.15% pursuant to section 19(n) of the Act. Defendant claimed it owed $834.09 for section 19(n) interest through June 20, 2019, which was 0.15% of "$251,191.17 ($103,230.00 for [PPD] benefits for the neck/cervical spine and $147,961.17 for medical benefits for the neck/cervical spine)." Defendant claimed it paid $4998.07 on June 21, 2019, and $55.71 on June 28, 2019, for section 19(n) interest. Thus, defendant argued that the circuit court should deny plaintiff's request for additional section 2-1303 interest because it overpaid the interest owed on the award.

¶ 21   On April 22, 2021, plaintiff filed a response to defendant's motion to dismiss. Plaintiff disagreed that defendant "satisfied its [PPD] obligation in the Remand Decision dated April 4, 2017, because it paid a PPD award in an earlier Arbitrator Decision dated March 24, 2011." Plaintiff asserted that the case involved two separate decisions issued six years apart, which were

7

based on different facts and circumstances. According to plaintiff, "the March 24, 2011, decision was <u>not</u> a final decision" and the payments for that award were not before the circuit court. (Emphasis in original.) Plaintiff maintained that his section 19(g) petition pertained to the Commission's April 4, 2017, decision and opinion on remand, which was "a separate, new and distinct decision from the March 24, 2011, decision <u>and it has not been paid in full</u>." (Emphasis in original.) Plaintiff noted that defendant appeared "to imply the Commission erred by awarding the same PPD in the April 4, 2017, Remand Decision that the Arbitrator awarded in the March 24, 2011, decision." According to plaintiff, defendant should have requested that the Commission recall and correct the decision or raised the issue before the circuit court, as permitted by section 19(f) of the Act. Plaintiff further asserted that defendant waived review of the issue by failing to raise the issue in the prior proceedings.

¶ 22 In addition, plaintiff argued that he was entitled to interest at a rate of 9% of the total amount of the Commission's April 4, 2017, decision and opinion on remand, pursuant to section 2-1303 of the Code, from the date of the circuit court's September 9, 2015, order. Thus, plaintiff requested that the court deny defendant's motion to dismiss and allow him to proceed with his section 19(g) petition. Plaintiff also requested that the court allow him to depose prior counsel for defendant on the issue of penalties and sanctions.

¶ 23 On August 6, 2021, after receiving additional filings from both parties, the circuit court entered an order denying defendant's motion to dismiss in part and granting the motion in part. Relying on *Patel v. Home Depot USA, Inc.*, 2012 IL App (1st) 103217, and *Estate of Burns v. Consolidation Coal Co.*, 2015 IL App (5th) 140503, the court found that it lacked discretion to modify the Commission's April 4, 2017, decision, and that it lacked authority to award defendant credits or offsets. Accordingly, the court denied defendant's motion to dismiss to the extent it

8

alleged that plaintiff's section 19(g) petition should be dismissed because defendant tendered full payment of the award. However, the circuit court dismissed the portion of plaintiff's section 19(g) petition that requested "interest at the rate of 9% per annum from any date prior to the entry of judgment herein, pursuant to section 19(g)." In doing so, the court found that the appropriate interest rate was 0.15%, pursuant to section 19(n) of the Act, and that the 0.15% interest rate applied to the unpaid PPD benefits. The court also dismissed plaintiff's request for penalties and sanctions, noting that section 19(g) allowed it to award reasonable costs and attorney fees, not additional penalties or sanctions. Accordingly, the court denied plaintiff's request to depose prior counsel for defendant on the issue of penalties and sanctions. The court set the matter for a status conference on September 17, 2021.

¶ 24     On September 17, 2021, following the status conference, the circuit court entered an order directing the parties to submit argument and supporting documentation that addressed the issues left unresolved by the court's August 6, 2021, order, including the appropriate amounts of interest, attorney fees, and costs.

¶ 25     On October 8, 2021, plaintiff filed his argument in support of the section 19(g) petition. Regarding the issue of interest, plaintiff again argued that he was entitled to section 2-1303 interest at a rate of 9% on the entire amount of the Commission's April 4, 2017, decision from September 9, 2015, to June 30, 2019. Plaintiff further argued that he was entitled to 9% interest on the unpaid amount of the Commission's decision from June 30, 2019, to the date of the court's "final 19(g) Order." In addition, plaintiff again argued that he was entitled to sanctions and penalties for defendant's actions after the proceedings before the Commission. Plaintiff also requested that the circuit court "reconsider" its denial of his request to depose prior counsel for defendant.

¶ 26     On October 29, 2021, defendant filed a response to plaintiff's argument supporting the section 19(g) petition. Defendant asserted that plaintiff improperly sought reconsideration of the circuit court's August 6, 2021, order, which was beyond the scope of the court's September 17, 2021, order. Defendant argued that the court properly determined that section 19(n) interest at a rate of 0.15% applied, and that such interest applied to the unpaid portion of the award from April 4, 2017. Defendant claimed it owed approximately $354.23 in section 19(n) interest (0.15% interest on $51,615 from April 4, 2017, through October 29, 2021). Defendant maintained, however, that it previously overpaid interest and owed no additional interest to plaintiff. Defendant maintained that it did not owe the $51,615 in PPD benefits for plaintiff's left leg but, assuming it owed that amount, "and further assuming judgment is eventually entered by this Court pursuant to Plaintiff's 19(g) Petition, then [it] would owe approximately $21,254.07 in interest at the time the judgment is entered by this Court pursuant to Plaintiff's 19(g) petition (9% interest on $51,615.00 from April 4, 2017 through October 29, 2021 is $21,254.07, before deducting any overpayment of the 19(n) interest outlined above)." Defendant further asserted that the court should deny plaintiff's request for attorney fees and costs, because plaintiff failed to provide a specific amount and documentation in support of his request.

¶ 27     On November 4, 2021, following a hearing, the circuit court entered an order directing the parties to submit proposed orders consistent with the court's prior rulings. The court noted that if plaintiff submitted a fee petition with his proposed order, defendant would have 30 days to respond and "no judgment to be entered without any fee petition being responded to by Defendant."

¶ 28     On December 3, 2021, defendant filed a motion to supplement the record. Defendant alleged in the motion that it tendered a check to plaintiff in the amount of $51,967.65 on November 23, 2021. According to defendant, the check represented payment for 50% loss of the use of

10

plaintiff's left leg ($51,615) and section 19(n) interest ($361.65). As such, defendant asserted that it paid all compensation owed to plaintiff. Thus, defendant requested that the circuit court grant its motion to supplement the record, find that it paid all compensation due and owing, and grant any other relief the court deemed proper.

¶ 29   On December 8, 2021, plaintiff filed an objection to defendant's motion to supplement the record. Plaintiff alleged that, during a prior hearing before the circuit court, defendant agreed that it owed $51,615 and interest at a rate of 9% per annum pursuant to section 2-1303 from the date of the Commission's April 4, 2017, decision to the date of payment, which totaled approximately $21,500. Plaintiff asserted that it was unnecessary for the court to find defendant paid all compensation due and owing on a motion to supplement, that defendant's request amounted to an admission it owed compensation since April 4, 2017, and that defendant's motion served no purpose where both parties previously submitted proposed orders to the court. Thus, plaintiff requested that the court deny defendant's motion to supplement the record.

¶ 30   On December 9, 2021, defendant filed a response to plaintiff's objection. Defendant asserted that plaintiff's objection included multiple misstatements of defendant's "positions and arguments regarding the 50% of the left leg ($51,615.00) and interest owed." Defendant claimed it never conceded that it was liable for 50% of the left leg and any additional section 19(n) interest awarded in the April 4, 2017, decision on remand. Defendant further claimed it never conceded that it was liable for section 2-1303 interest at a rate of 9% per annum, "unless and until this Honorable Court enters judgment on any unpaid amounts." (Emphasis in original.) Defendant clarified its position that only section 19(n) interest applied, and section 19(n) interest only applied to unpaid PPD and medical benefits. Defendant maintained that the court's August 6, 2021, order required it to pay PPD benefits for plaintiff's left leg ($51,615) and section 19(n) interest ($361.65)

11

from April 4, 2017, through December 3, 2021. Defendant claimed that it issued a check to plaintiff for those amounts and, thus, it paid all compensation due and owing. Thus, defendant argued that the court should dismiss plaintiff's section 19(g) petition with prejudice "because there is nothing to award Plaintiff in this 19(g) proceeding."

¶ 31    On December 10, 2021, plaintiff filed a response to defendant's response. Plaintiff alleged that defendant was required to show it made full payment of the award prior to the filing of the section 19(g) petition. Plaintiff asserted that defendant "agree[d] the award of 50% of a leg and Section 19(n) interest was unpaid on March 8, 2021, the date the 19(g) Petition was filed." Plaintiff disagreed with defendant's claim that it could avoid section 2-1303 interest by paying the unpaid balance of the award at any time before the circuit court entered a final order on the petition.

¶ 32    On February 4, 2022, the circuit court held a hearing on all pending matters. The court entered an order allowing defendant time to respond to caselaw provided by plaintiff. The court indicated that the matter would be taken under advisement after it received defendant's response.

¶ 33    On February 18, 2022, the circuit court entered a written order that addressed all issues left unresolved by the August 6, 2021, order. In the order, the court declined plaintiff's request to reconsider its ruling on the issue of penalties and sanctions. The court also declined plaintiff's request to reconsider its denial of the request to depose prior counsel for defendant. However, the court reconsidered its prior ruling on the issue of interest and ordered defendant to pay plaintiff an additional sum for interest, finding that plaintiff was entitled to section 2-1303 interest at a rate of 9% per annum on the unpaid portion of the award ($51,615) from the date of the Commission's April 4, 2017, decision to the date defendant made payment. The court also granted defendant's motion to supplement the record and found that defendant paid section 19(n) interest in the amount of $361.65 on November 23, 2021. Accordingly, the court credited defendant the amount of

12

interest paid and ordered defendant to pay interest in the amount of $21,313.14 ($21,674.79 - $361.65) within 30 days of the entry of the order. The court denied plaintiff's request for attorney fees and costs, finding a good-faith disagreement existed as to the amount owed.

¶ 34    On March 11, 2022, defendant filed a second motion to supplement the record. Defendant alleged in the motion that it tendered a check to plaintiff in the amount of $23,023.12 on March 9, 2022, representing "9% interest on $51,615.00 from April 4, 2017, through March 18, 2022." Defendant indicated that it "need[ed] the record to reflect all the payments made to Plaintiff."

¶ 35    On March 14, 2022, plaintiff filed a notice of appeal from the circuit court's February 18, 2022, order. On March 17, 2022, defendant filed a notice of cross-appeal.

¶ 36                                II. Analysis

¶ 37    On appeal, plaintiff argues that the circuit court erred by denying his requests for section 2-1303 interest on the total award, attorney fees, penalties, and to depose prior counsel for defendant. On cross-appeal, defendant argues that the court erred by denying its section 2-619 motion to dismiss and granting the section 19(g) petition because it paid the full amount of the Commission's award. Defendant also argues that the court erred by ordering it to pay section 2-1303 interest on the Commission's award.

¶ 38    Because the issue is dispositive, we consider only whether the circuit court erred by denying defendant's section 2-619 motion to dismiss. Defendant maintains that the court incorrectly ruled that it owed the additional PPD benefits for plaintiff's left leg injury. Defendant asserts that it paid plaintiff the full amount of the PPD benefits awarded for his left leg injury prior to the filing of the section 19(g) petition. We agree.

¶ 39    This court reviews the circuit court's ruling on a section 2-619 motion to dismiss *de novo*. *Patel*, 2012 IL App (1st) 103217, ¶ 8 (citing *Simmons v. Homatas*, 236 Ill. 2d 459, 477 (2010)).

13

Our resolution of this issue also requires us to construe section 19(g) of the Act, which presents a question of law subject to *de novo* review. *Id.* (citing *Johnson v. Johnson*, 386 Ill. App. 3d 522, 534 (2008)).

¶ 40    A section 2-619 motion to dismiss raises affirmative matters that negate a claim and does not challenge the allegations set forth in the plaintiff's pleading. *Id.* ¶ 12 (citing *Provenzale v. Forister*, 318 Ill. App. 3d 869, 878 (2001)). "This motion admits the legal sufficiency of a complaint, but asserts affirmative matters that avoid or defeat the allegations contained in the complaint." *Id.* (citing *Miner v. Fashion Enterprises, Inc.*, 342 Ill. App. 3d 405, 413 (2003)).

¶ 41    Section 19(g) of the Act provides that "either party may present *** a certified copy of the decision of the Commission when the same has become final, *** whereupon the court shall enter a judgment in accordance therewith." 820 ILCS 305/19(g) (West 2020). "When an employer fails or refuses to pay a final award, section 19(g) provides a statutory remedy for a claimant to reduce the award to an enforceable judgment in the circuit court." *Estate of Burns*, 2015 IL App (5th) 140503, ¶ 17 (citing *Aurora East School District v. Dover*, 363 Ill. App. 3d 1048, 1054 (2006)). Section 19(g) is "designed to permit speedy entry of judgment on an award, and the requirements for the court's subject matter jurisdiction are strictly construed." *Aurora East School District*, 363 Ill. App. 3d at 1055. The circuit court's inquiry in such proceedings is limited to determining whether the requirements of section 19(g) have been met. *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259, 268 (1978). The court cannot question the jurisdiction of the Commission, question the legality of the Commission's actions, review the Commission's decision, or "otherwise construe the Act, even if the decision appears too large on its face." *Aurora East School District*, 363 Ill. App. 3d at 1055. "The only defense to a section 19(g) petition is full payment of the final award."

14

*Dallas v. Ameren CIPS*, 402 Ill. App. 3d 307, 312 (2010) (citing *Aurora East School District*, 363 Ill. App. 3d at 1055).

¶ 42    In the present case, the arbitrator issued a decision on March 24, 2011, denying plaintiff benefits for his cervical spine injury but awarding him benefits for his left leg injury. The arbitrator awarded plaintiff a total of $88,163.45, which included an award of PPD benefits in the amount of $51,615. The arbitrator also ordered defendant to pay interest at a rate of 0.15% under section 19(n) of the Act. Defendant paid plaintiff $88,163.45 on April 19, 2011. The Commission subsequently affirmed and adopted the arbitrator's decision. The circuit court thereafter reversed the Commission's decision and remanded the matter back to the Commission to award plaintiff benefits for his cervical spine injury. The Commission ultimately issued a decision and opinion on remand on April 4, 2017, awarding plaintiff benefits totaling $488,639.98. The Commission's decision awarded plaintiff $147,961.17 in medical expenses and $103,230 in PPD benefits for his cervical spine injury, in addition to the $51,615 in PPD benefits for his left leg injury. The Commission also ordered defendant to pay interest pursuant to section 19(n) of the Act, if any. In June 2019, following an unsuccessful attempt to appeal the Commission's decision and opinion on remand, defendant paid plaintiff $442,078.76. Defendant paid plaintiff a total of $530,242.21 from April 19, 2011, to June 28, 2019.

¶ 43    Plaintiff filed a section 19(g) petition on March 8, 2021, alleging that defendant failed to pay the full amount awarded by the Commission in its April 4, 2017, decision and opinion on remand. Specifically, plaintiff alleged that defendant failed to pay $51,615 in PPD benefits for his left leg injury, as well as interest at a rate of 9% per annum on the total award from September 9, 2015. Defendant filed a section 2-619 motion to dismiss, asserting that it tendered full payment of the final award. Defendant claimed it paid plaintiff $88,163.45, which included the $51,615 in

15

PPD benefits, on April 19, 2011, after the arbitrator issued a decision on March 24, 2011. Defendant further asserted that it overpaid interest under section 19(n) of the Act when it tendered full payment of the award in June 2019.

¶ 44    After carefully reviewing the record and applicable law, we conclude that the circuit court erred by denying defendant's motion to dismiss the section 19(g) petition, where the record reveals that defendant paid the full amount of the final award prior to the filing of the petition. As an initial matter, we note that plaintiff did not allege in the section 19(g) petition that defendant failed to pay section 19(n) interest. Plaintiff alleged only that defendant failed to pay $51,615 in PPD benefits and requested section 2-1303 "interest at 9% on the total award from September 9, 2015." As plaintiff recognizes in his brief to this court, "[i]f the employer pays the full award and all 19(n) interest to the claimant before the claimant files a section 19(g) petition, the employer does not owe any interest under section 2-1303." See *Dobbs Tire & Auto v. Illinois Workers' Compensation Comm'n*, 2018 IL App (5th) 160297WC. Because plaintiff did not allege that defendant failed to pay section 19(n) interest, we consider only whether defendant failed to pay the $51,615 in PPD benefits prior to the filing of the section 19(g) petition.

¶ 45    We again note, and plaintiff does not dispute, that defendant paid plaintiff $88,163.45 on April 19, 2011, which included a sum of $51,615 for PPD benefits awarded for claimant's left leg injury. Despite this, plaintiff maintains that defendant failed to pay the full amount of the Commission's April 4, 2017, award. Although difficult to discern, plaintiff appears to assert that defendant's prior payment of PPD benefits pertained to the arbitrator's March 24, 2011, decision and did not pertain to the benefits awarded in the Commission's April 4, 2017, decision and opinion on remand. Plaintiff also appears to assert that defendant failed to properly raise the issue

16

of its prior payment as provided in section 19(f) of the Act and that it is precluded from raising the issue in a section 19(g) proceeding. We disagree with plaintiff's assertions.

¶ 46    We reject plaintiff's claim that this case involves "two final awards." As noted, the arbitrator issued a decision on March 24, 2011, denying plaintiff benefits for his cervical spine injury but awarding plaintiff benefits for his left leg injury, including an award of PPD benefits in the amount of $51,615. Plaintiff filed a petition for review of the arbitrator's decision with the Commission; thus, the arbitrator's decision was not a final decision. See 820 ILCS 305/19(b) (West 2020) (providing that an arbitrator's decision becomes the final decision of the Commission unless a party files a petition for review within 30 days of receiving the arbitrator's decision). The Commission issued a decision affirming and adopting the arbitrator's decision on February 2, 2012. Plaintiff sought judicial review of the Commission's decision in the circuit court; thus, the Commission's February 2, 2012, decision was not a final decision. See *id.* § 19(f)(1) (providing that the Commission's decision becomes final and conclusive unless reviewed by the circuit court).

¶ 47    The circuit court entered an order on September 9, 2015, setting aside the Commission's decision and remanding the matter back to the Commission to award benefits for plaintiff's cervical spine injury. Defendant sought to appeal the court's decision, but the workers' compensation division of the appellate court dismissed the appeal because the circuit court's order remanding the matter back to the Commission was not a final and appealable order. See *Pace Bus Co. v. Industrial Comm'n*, 337 Ill. App. 3d 1066 (2003) (dismissing appeal for lack of jurisdiction where the circuit court's order remanding the case back to the Commission was not a final, appealable order). The Commission issued a decision and opinion on remand on April 4, 2017, reversing its prior decision affirming and adopting the arbitrator's March 24, 2011, decision in accordance with the circuit court's September 9, 2015, order. The Commission awarded plaintiff

17

benefits for his cervical spine injury, including PPD benefits, in accordance with the court's order in addition to the PPD benefits awarded for his left leg injury. The Commission's April 4, 2017, decision and opinion on remand became the sole final decision and award after defendant failed to successfully appeal the decision as provided under section 19(f) of the Act. Thus, contrary to plaintiff's assertion, the present case involves only one final decision and award.

¶ 48    Next, we reject plaintiff's assertion that he is entitled to a windfall on a technicality, because defendant failed to properly address the issue of its prior payment before the Commission and circuit court as required by section 19(f) of the Act. It appears from the record that defendant did not raise an issue regarding its prior payment of benefits because both parties agreed that defendant paid all benefits related to plaintiff's left leg injury, and that the only remaining issues related to plaintiff's cervical spine injury. Notably, plaintiff's petition for review filed with the Commission indicated that he only sought review of the arbitrator's denial of benefits for his cervical spine injury. Moreover, counsel for plaintiff agreed that defendant paid all benefits relating to plaintiff's left leg injury at a subsequent hearing before the circuit court. Under these circumstances, we find it proper to consider the payment defendant made prior to the issuance of the Commission's April 4, 2017, decision and opinion on remand.

¶ 49    We also reject plaintiff's assertion that it was "unlawful" to raise the issue of whether defendant paid all compensation due and owing under the Commission's April 4, 2017, decision and opinion on remand before the circuit court or this court. Plaintiff's assertion is premised upon his distortion of defendant's arguments. According to plaintiff, defendant's argument that it made a full payment of the award "seem[ed] to imply the Commission erred by awarding the same PPD in the April 4, 2017, Remand Decision that the Arbitrator awarded in the March 24, 2011 decision." However, defendant did not argue that the Commission erred, it merely argued that it paid the full

18

amount awarded by the Commission—the sole defense to a section 19(g) petition. See *Dallas*, 402 Ill. App. 3d at 312 ("The only defense to a section 19(g) petition is full payment of the final award.").

¶ 50   We find the cases cited by plaintiff and the circuit court inapplicable to the present case. See *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469 (1994) (holding that an employer cannot seek to recover the amount of an overpayment of benefits by filing a claim under section 19(g) of the Act); *Patel*, 2012 IL App (1st) 103217 (holding that an employer cannot apply credit for overpayment of TTD benefits to avoid entry of judgment pursuant to section 19(g) of the Act); *Estate of Burns*, 2015 IL App (5th) 140503 (holding that the employer was not entitled to offset the amount of a federal claim against the state workers' compensation benefits under section 19(g) and that the employer was not entitled to offset the amount of the Commission's award pursuant to an alleged oral settlement agreement). In the instant case, defendant has not filed a section 19(g) petition seeking to recover the amount of an overpayment, nor has it sought to apply credit for overpayment of TTD benefits to avoid entry of judgment pursuant to section 19(g). In addition, defendant has not asserted that it is entitled to an offset for the amount of a federal claim or that it is entitled to offset the amount of the Commission's award pursuant to an oral settlement agreement. Defendant instead asserts that it made full payment of the final award—a proper defense to a section 19(g) proceeding—when it paid plaintiff $51,615 in PPD benefits for his left leg injury. In our view, the caselaw does not prohibit consideration of this payment in determining whether defendant made full payment of the final award in a section 19(g) proceeding. Accordingly, we find it proper to consider the $51,615 payment defendant made to plaintiff on April 19, 2011, in determining whether defendant made a full payment of the Commission's final award.

19

¶ 51    We find our decision consistent with public policy and the purpose of the Act. Specifically, the employee should not receive a windfall at the employer's expense due to the employer's prompt payment of benefits. See *Messamore v. Industrial Comm'n*, 302 Ill. App. 3d 351, 359 (1999) ("In drafting the Act, the legislature was careful to protect injured workers and to encourage employers to make prompt payments before the amount of liability is certain."). Denying an employer the ability to assert that it made payments of benefits prior to the issuance of a final decision of the Commission in a section 19(g) proceeding would encourage delays as employers attempt to resolve every ambiguity before paying benefits.

¶ 52    In sum, the record reveals that the Commission awarded plaintiff benefits totaling $488,639.98 in its April 4, 2017, decision and opinion on remand. The record also reveals that defendant paid plaintiff a total of $530,242.21 from April 19, 2011, to June 28, 2019.[4] Defendant's payments included a payment of $51,615 for PPD benefits for plaintiff's left leg on April 19, 2011. Plaintiff does not dispute that he received such payments from defendant prior to filing his section 19(g) petition. Thus, the record demonstrates that defendant tendered full payment of the final award prior to the filing of the section 19(g) petition.

¶ 53    Because the record demonstrates that defendant tendered full payment of the final award prior to the filing of the section 19(g) petition, we hold that the circuit court erred by denying defendant's motion to dismiss plaintiff's petition. It follows that the court should not have reached the additional issues raised by the parties regarding section 2-1303 interest, attorney fees, and penalties.

---

[4]The record also reveals that defendant made additional payments to plaintiff during the section 19(g) proceedings.

20

¶ 54                                    III. Conclusion

¶ 55    For the foregoing reasons, we reverse the St. Clair County circuit court's order denying defendant's motion to dismiss and vacate all orders entered by the court following its denial of the motion to dismiss.

¶ 56    Reversed.